1  Julie A. Vogelzang, State Bar No. 174411
   Emily T. Gates, State Bar No. 246980
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   600 West Broadway, Suite 2600
3  San Diego, California 92101-3372
   Telephone No.: 619.236.1414
4  Fax No.: 619.232.8311

FILED

08 MAR 10 PH 12: 24

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:      *CP*      DEPUTY

Attorneys for Defendant AmeriPride Services, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD MARTIN, KIRK SWORD, DANIEL GORE, individually, and on behalf of other similarly situated current and former employees of AMERIPRIDE SERVICES, INC., | Case No. **'08 CV 0440 H JMA** _____ |
| Plaintiffs, | **NOTICE OF REMOVAL OF CIVIL ACTION** |
| v. | |
| AMERIPRIDE SERVICES, INC., DOES 1-5, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. sections 1441(a) and 1446, defendant AMERIPRIDE SERVICES INC. ("AmeriPride") hereby removes to this Court this action from the Superior Court of the State of California for the County of San Diego, Central Division, and respectfully submits the following statement of facts, which entitles it to removal:

1.    On January 15, 2008, Lloyd Martin, Kirk Sword, and Daniel Gore, individually and on behalf of other similarly situated current and former employees of AmeriPride, filed a lawsuit against AmeriPride in the Superior Court of the State of California for the County of San Diego, Central Division, entitled *LLOYD MARTIN, KIRK SWORD, DANIEL GORE, individually, and on behalf of other similarly situated current and former employees of AMERIPRIDE SERVICES, INC., v. AMERIPRIDE SERVICES, INC., Does 1 - 5,* Superior Court Case No. 37-2008-00075847-CU-OE-

1    CTL. AmeriPride was first served with a copy of the Summons and Complaint on or around February

2    7, 2008. True and correct copies of the Summons and Complaint are attached hereto as Exhibit "A."

3         2.       True and correct copies of additional notices and documents served along with the

4    Summons and Complaint are attached hereto as Exhibit "B."

5         3.       AmeriPride timely filed its Answer to the Complaint on February 27, 2008. A true and

6    correct copy of the Answer is attached hereto as Exhibit "C."

7         4.       This action is a civil class action for damages and injunctive relief alleging failure to

8    pay overtime wages and provide meal and rest periods.

9         5.       AmeriPride has not secured the assent of the Doe Defendants before removing this

10   action because, to its knowledge, the Doe Defendants have not been served and have not voluntarily

11   appeared in this action. This Notice of Removal is timely as it is filed within thirty (30) days of

12   plaintiffs' service of the complaint on AmeriPride. 28 U.S.C. § 1446(b).

13        6.       This Court has original jurisdiction of this civil action under the Class Action Fairness

14   Act, 28 U.S.C. § 1332(d)(2)(A), wherein the Court examines whether the sum total amount in

15   controversy exceeds $5,000,000.

16        7.       Under the Class Action Fairness Act, "[t]he district courts shall have original

17   jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of

18   $5,000,000, exclusive of interest and costs, and is a class action in which…any member of a class of

19   plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

20        8.       This action is a civil action over which the Court has original jurisdiction under the

21   Class Action Fairness Act because:

22             a.      Plaintiffs have alleged a purported class action (Complaint, ¶ 7);

23             b.      Based on the allegations of the Complaint, there are more than 100 putative

24   class members (Complaint, ¶ 10);

25             c.      All of the named plaintiffs are citizens of the state of California (Complaint,

26   ¶¶ 1-3);

27   ///

28   ///

1          d.     AmeriPride is incorporated in Delaware and has its principal place of business

2    in Minnesota. (Declaration of Lance Westphal in Support of Notice of Removal ["Westphal Decl."],

3    filed concurrently herewith, ¶¶ 2-5.)

4          A corporation shall be deemed a citizen of any state by which it has been incorporated and of

5    the state where it has its principal place of business. 28 U.S.C. 1332(c)(1) (emphasis added). Federal

6    courts employ either the "nerve center test" which locates the principal place of business in the state

7    where the majority of its executive and administrative functions are performed, or the "place of

8    operations test" which locates the principal place of business in the state which contains a substantial

9    predominance of corporate operations. *Tosco Corp. v. Cmty. for a Better Env't*, 236 F.3d 495, 500

10   (9th Cir. 2001); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-1093 (9th Cir. 1990). The

11   Ninth Circuit has directed lower courts to apply the nerve center test if no state contains a substantial

12   predominance of the corporation's business activities. *Tosco*, 236 F.3d at 500; *Indus. Tectonics*, 912

13   F.2d at 1094; *see also Unger v. Del E. Webb Corp.*, 233 F.Supp. 713, 716 (N.D. Cal. 1964)

14   (corporation with substantial activity in several states did not have its principal place of business in

15   California where its nerve center was located in Arizona). Thus, the Ninth Circuit does not apply the

16   place of operations test unless it is shown that the corporation's activities substantially predominate in

17   one single state. *Tosco*, 236 F.3d at 500. "Substantial predominance" requires that the amount of the

18   corporation's business activities in one state be <u>significantly</u> larger than any other state in which the

19   corporation conducts business. *Id*. The Ninth Circuit evaluates several factors to determine if a state

20   contains a substantial predominance of corporate activity, including the location of employees,

21   tangible property, production activities, sources of income, and where sales take place. *Id*. at 501.

22         In applying the nerve center test to determine the corporation's principal place of business,

23   relevant factors include where the directors and stockholders hold meetings, where the executives live

24   and work; where the administrative and financial offices and records are located; where the corporate

25   income tax return is filed, where the "home office" is located; and where day-to-day control of the

26   business is exercised. *See Unger*, 233 F.Supp. at 716.

27         In the instant case, AmeriPride conducts business in more than 40 states. (Westphal Decl.

28   ¶ 3.) AmeriPride has more employees in Minnesota than any other state. (Westphal Decl. ¶ 4.)

1   AmeriPride's corporate headquarters are in Minnetonka, Minnesota. (Westphal Decl. ¶ 5.) All

2   corporate functions, including Information Technology, Human Resources, Accounting, and Payroll,

3   operate out of Minnesota. (Westphal Decl. ¶ 5.) All of the officers, with the exception of one, work

4   in Minnesota. (Westphal Decl. ¶ 5.) As such, Minnesota is AmeriPride's principal place of business.

5   Accordingly, there is minimal diversity between the putative class members and AmeriPride in this

6   matter. 28 U.S.C. § 1332(d)(2)(A).

7                       e.     . Based on the allegations in plaintiffs' complaint, the amount in controversy

8   exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, as demonstrated by

9   AmeriPride's evidence lodged in support of Notice of Removal, set forth in detail below and in the

10   accompanying declaration of Lance Westphal.

11               9.     AmeriPride specifically denies that plaintiffs are entitled to any damages at all.

12   However, while the Complaint does not state on its face that the matter in controversy exceeds the

13   jurisdictional prerequisite of $5,000,000.00, the types of damages sought by plaintiffs indicates that

14   Plaintiffs together are seeking in excess of $5,000,000.00, exclusive of interest and costs.

15               10.     Plaintiffs allege violations of the California Labor Code and the California Business

16   and Professions Code. More particularly, although AmeriPride specifically denies that plaintiffs are

17   entitled to any relief at all, plaintiffs seek the following relief: (a) compensation at a rate of one and

18   one-half times the regular rate of pay for every hour worked in excess of eight hours per day or 40

19   hours per week for every named plaintiff and each member of the class in accordance with California

20   Labor Code § 510(a) and 8 Cal. Code Regs. §§ 11060 sub. 3(A) and 11090 sub. 3(A); (b)

21   compensation of one hour's pay for each and every violation of the meal and rest period law for every

22   named plaintiff and for each member of the class in accordance with Labor Code § 226.7(b) and 8

23   Cal. Code Regs. §§ 11060 sub. 11(D), 12(B) and/or 11090 sub. 11(D), 12(B); (c) interest pursuant to

24   California Labor Code sections 218.6, 1193.6(a), 1194(a), California Civil Code section 3287 and

25   California Code of Civil Procedure section 384(b); (d) liquidated damages pursuant to California

26   Labor Code section 1194.2 and 8 Cal. Code Regs. section 13656; (e) restitution under California

27   Business and Professions Code section 17203; (f) injunctive relief pursuant to California Business and

28

1   Professions Code section 17203; (g) reasonable attorney's fees; (h) costs; and (i) such other and

2   further relief as the Court deems just and proper. (Complaint, pp. 6-7, ¶¶ 1-9.)

3        11.    The statute of limitations for an alleged violation of the California Labor Code is

4   generally three years. *See* Cal. Code Civ. Proc. § 338. However, when, as here, alleged Labor Code

5   violations are included as part of a claim under Section 17200 of the California Business and

6   Professions Code, the statute of limitations may arguably be extended to four years. *See* Cal. Bus. &

7   Prof. Code § 17208; *see also Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178-79

8   (2000). Accordingly, although AmeriPride reserves its right to contest the applicability of Business

9   and Professions Code section 17208 to plaintiffs' claims, plaintiffs may seek in this action to recover

10  for their alleged economic injuries over a period of at least four years. *See Alexander v. Fedex*

11  *Ground Package System, Inc.*, 2005 U.S. Dist. LEXIS 5129, *12 n.5 (N.D. Cal. March 25, 2005)

12  (applying four-year calculation on a motion to remand in determining alleged amount in controversy

13  in an alleged misclassification of independent contractor case where plaintiffs alleged violations of the

14  California Labor Code and Business and Professions Code section 17200). In this case, plaintiffs will

15  likely seek to recover for their alleged economic injuries damages from the past four years. (*See*

16  Complaint, ¶ 10.)

17       12.    Although AmeriPride denies that plaintiffs are entitled to any relief, the allegations of

18  the Complaint and the accompanying declaration of Lance Westphal in support of this Notice of

19  Removal indicate that the amount in controversy well exceeds the sum or value of $5,000,000.00

20  within the meaning of the Class Action Fairness Act. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115,

21  1117 (9th Cir. 2004) (facts presented in removal petition and summary-judgment type evidence are

22  considered in determining the compliance with amount-in-controversy requirement). The

23  jurisdictional minimum amount may be satisfied by considering claims for special and general

24  damages, penalties, and attorneys' fees. *See Alexander*, 2005 U.S. Dist. LEXIS 5129, *13-14

25  (denying motion to remand in a case by plaintiff drivers against a courier service alleging, as in the

26  present case, that they were misclassified as independent contractors and holding that the calculation

27  of economic damages, penalties, and attorneys' fees was reasonable).

28  / / /

13.    One category of damages claimed by plaintiffs is compensation for overtime.  Using assumptions set forth in detail in the accompanying declaration, and again reserving the right to contest entitlement to these damages and/or their amount, AmeriPride estimates that the value of overtime compensation for the last four years is between $2,340,000.00 and $5,304,000.00. (Westphal Decl. ¶ 10.)

14.    Another category of damages claimed by plaintiffs is compensation for alleged missed meal and rest periods.  Using assumptions set forth in detail in the accompanying declaration, and again reserving the right to contest entitlement to these damages and/or their amount, AmeriPride estimates that the compensation for alleged missed meal and rest periods for the last four years is between $3,120,000.00 and $7,072,000.00.  (Westphal Decl. ¶ 9.)

15.    Accordingly, using the aforesaid assumptions, AmeriPride estimates that overtime and meal and rest period compensation sought to be recovered is between $5,460,000.00 and $12,376,000.00.

16.    Plaintiffs also seek an award of "reasonable attorneys' fees." (Complaint, p. 7, ¶ 7.) "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Reserving the right to contest plaintiffs' ability to recover attorneys' fees, attorneys' fees are authorized by California Labor Code section 1194(a). Accordingly, the potential award of attorneys' fees is properly included in the computation of the jurisdictional amount in this matter, and the measure of attorneys' fees for instant purposes is the amount which, at present, can reasonably be anticipated to be incurred through resolution of this lawsuit.  *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002).[1] Notwithstanding the significant uncertainty surrounding the estimate of attorneys' fees at this early

[1] Similarly, because plaintiffs in this case are seeking "such other relief that the Court deems just and proper" (Complaint, p. 14, ¶ 10), plaintiffs have increased the amount in controversy by significant measure.  *See Gilmer v. Walt Disney & Co.*, 915 F. Supp. 1001, 1011 (W.D. Ark. 1996) (denying remand where plaintiff sought "all damages that are recoverable at law," and noting that "plaintiff has attempted to 'have her cake and eat it too' by arguing "in this court that she is only entitled to crumbs," while "carefully preserv[ing] her right to insist that she is entitled to the whole cake when she gets back to state court.").

1   juncture, AmeriPride submits that a conservative estimate of the attorneys' fees component of the

2   amount-in-controversy in this case, given at least 100 putative class members and the range of claims

3   alleged in the Complaint, is ten percent of the total amount in controversy, or at least $500,000.00.

4   *See Sampson v. Parking Serv. 2000 Com., Inc.*, 117 Cal. App. 4th 212, 221 (2004) (recognizing that a

5   plaintiff may recover attorneys' fees for violations of the California Labor Code); *see also Ketchum v.*

6   *Moses*, 24 Cal. 4th 1122, 1133 (2001) (general procedure for determining attorneys' fees is for court

7   to assess a "lodestar figure based on the reasonable hours spent, multiplied by the hourly prevailing

8   rate for private attorneys in the community conducting *noncontingent* litigation of the same type")

9   (citing *Serrano v. Unruh*, 32 Cal. 3d 621, 625 (1982) (emphasis in original).

10           17.      Adding up the above-described alleged potential damages (including compensation for

11  meal and rest periods, overtime, and the attorneys' fees), the estimated range of the total amount in

12  controversy is between approximately $5,960,000.00 and $12,876,000.00, which exceeds the

13  $5,000,000.00 required.

14           18.      The above estimate is conservative. This amount does not include a calculation for

15  restitution or injunctive relief. It also does not include any liquidated damages pursuant to California

16  Labor Code section 1194.2 and/or 8 Cal. Code Regs. section 13656. If these additional amounts were

17  added to the total amount, that amount obviously would be higher.

18           19.      Diversity jurisdiction is established where it is "more likely than" not that the amount

19  in controversy is satisfied. *See Valdez*, 372 F.3d at 1117. Based on the allegations in the Complaint

20  and the accompanying evidentiary declaration, AmeriPride has met this burden. Accordingly, the

21  amount in controversy requirement is satisfied, and this action is properly removed to this Court.

22           20.      On this date of March 10, 2008, a Notice of Removal of Case to Federal Court is being

23  served on plaintiffs' attorney of record and filed in the state court action with the Clerk of the Superior

24  Court of the State of California, County of San Diego, Central Division.

25  / / /

26  / / /

27  / / /

28  / / /

Case No. _____
NOTICE OF REMOVAL OF CIVIL ACTION

1     WHEREFORE, defendant AmeriPride Services Inc. hereby gives notice that this action is

2  removed from the Superior Court of the State of California for the County of San Diego, Central

3  Division to this United States District Court for the Southern District of California.

4  DATED:  March 10, 2008          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

5

6                                   By: _____

7                                        JULIE A. VOGELZANG
                                         EMILY T. GATES
8                                        Attorneys for Defendant AmeriPride Services, Inc.

9  101075681.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. _____

NOTICE OF REMOVAL OF CIVIL ACTION

**EXHIBIT A**

FILED
CIVIL BUSINESS OFFICE 8

08 JAN 15 PM 3:44

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

THOMAS TOSDAL, ESQ., STATE BAR NO. 067834
FERN M. STEINER, ESQ., STATE BAR NO. 118588
ANGELA M. JAE, ESQ., STATE BAR NO. 248571
TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Fax: (619) 239-6048

Attorneys for Plaintiffs

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO

CENTRAL DIVISION

| | |
|---|---|
| LLOYD MARTIN, KIRK SWORD, DANIEL GORE, individually, and on behalf of all other similarly situated current and former employees of AMERIPRIDE SERVICES, INC. | CASE NO. 37-2008-00075847-CU-OE-CTL |
| Plaintiffs, | COMPLAINT |
| v. | |
| AMERIPRIDE SERVICES, INC., DOES 1-5, | |
| Defendants. | |

Plaintiffs allege:

## PARTIES

1.      Plaintiff Lloyd Martin is a resident of the County of San Diego.  He is an employee of Defendant AmeriPride Services, Inc. ("AmeriPride") and is employed within the class of all AmeriPride Customer Service Representatives. Martin has suffered loss of compensation as a result of AmeriPride's violations of the Labor Code and Wage Orders as alleged in this complaint.

2.      Plaintiff Kirk Sword is a resident of the County of Riverside.  He is an employee of AmeriPride and is employed within the class of all AmeriPride Customer Service Representatives. Sword has suffered loss of compensation as a result of AmeriPride's violations of the Labor Code and Wage Orders as alleged in this complaint.

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

3.      Plaintiff Daniel Gore is a resident of the County of San Diego. Dan Gore was an employee of AmeriPride. While working at AmeriPride, Gore was employed as a Customer Service Representative and is within the class of all AmeriPride Customer Service Representatives. Gore has suffered loss of compensation as a result of AmeriPride's violations of the Labor Code and Wage Orders as alleged in this complaint.

4.      Defendant AmeriPride is a Minnesota corporation which has four major centers operating in the State of California. AmeriPride also has numerous "depot" locations operating throughout California, including San Diego, which is within the Central Division of the San Diego Superior Court. AmeriPride is engaged in the business of supplying for hire, clean, laundered towels, linens, wearing apparel and other items, which business is commonly known as the "linen supply" business.

5.      The identities of DOES 1-5 are presently unknown to Plaintiff, who sues them under fictitious names. DOES 1-5 are in some way legally responsible for the harm alleged in this complaint.

<strong>VENUE</strong>

6.      Venue is proper in the San Diego Superior Court, Central Division, because Defendant AmeriPride's obligation and liability to the named Plaintiffs arose in San Diego, CA. Additionally, AmeriPride owns and operates one of its many depot locations in San Diego, CA.

<strong>CLASS ALLEGATIONS</strong>

<strong>The Class</strong>

7.      Pursuant to C.C.P. §382 and Bus. & Prof. Code §17203, Plaintiffs bring this action on behalf of themselves and on behalf of all persons employed as Customer Service Representatives by AmeriPride in the State of California who were employed by AmeriPride at some time between the present and four years before the filing of this complaint. This class will be separated into four subclasses according to proof:

    (1)     For overtime violations while introductory employees;

    (2)     For overtime violations while full-time regular employees;

    (3)     For meal period violations while introductory and full-time regular employees; and

    (4)     For rest period violations while introductory and full-time regular employees.

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA. 92101-4508
Telephone (619) 239-7200
Facsimile: (619) 239-6048

2
COMPLAINT

### Adequacy of Representation

8.    Named Plaintiffs can adequately represent the class.  The attorneys for Plaintiffs are experienced and capable in litigation in the field of labor and employment and have successfully represented claimants in other litigation of this nature.

### Typicality

9.    Named Plaintiffs and members of the class have a well defined community of interest with regard to the common questions of fact and law involved in this case.  All Plaintiffs and members of the class are and/or were at times material employed by AmeriPride as Customer Service Representatives in the State of California at some time between the present and four years before the filing of this complaint. All members of the class are and were subject to the violations of the Labor Code and Wage Orders which are alleged in this complaint.  As a result of those violations, Named Plaintiffs and all members of the class have suffered harm by way of denial of rights and compensation under the Labor Code and the Wage Orders.  The claims of Named Plaintiffs are typical of the members of the class.

### Class Size

10.    Named Plaintiffs are informed and believe that during the past four years AmeriPride employed as Customer Service Representatives in the State of California at any one time approximately 400 persons in the class.  During the past four years, there has been employee turnover in the class, so the total number of persons who comprise the class far exceeds 500 persons, but the exact number of class members is presently unknown to Named Plaintiffs.  The common questions of fact and law which predominate affect persons so numerous it is impracticable to name them individually as parties.

### Predominant Questions of Fact and Law

11.    Common questions of fact and law predominate.  Those questions include:

(1) Whether Wage Order No. 6 (8 Cal. Code of Regs. 11060, Laundry, Linen Supply, Dry Cleaning and Dyeing Industry Wage Order) or Wage Order No. 9 (8 Cal. Code of Regs. 11090, Transportation Industry Wage Order) applies to Plaintiffs and the members of the Class;

(2)  Whether AmeriPride violated Labor Code §510(a) and 8 Cal. Code Regs. §§11060

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA 92101-4564
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

3
COMPLAINT

1  sub.3(A), and/or 1190 sub.3(A) ("the Wage Orders") by failing to pay Plaintiffs and the members

2  of the class overtime pay for every hour worked in excess of 8 hours per day or 40 hours per week

3  while employed as an "introductory" employee;

4      (3)  Whether AmeriPride violated Labor Code §510(a) and 8 Cal. Code Regs. §§11060

5  sub.3(A), and/or 1190 sub.3(A) ("the Wage Orders") by failing to pay Plaintiffs and the members

6  of the class overtime pay for every hour worked in excess of 8 hours per day or 40 hours per week

7  while employed as a "regular full-time" employee;

8      (4)  Whether AmeriPride violated Labor Code §§ 226.7(a) and 512(a) and 8 Cal. Code Regs.

9  §§11060 sub.11(A), and/or 11090 sub.11(A) ("the Wage Orders") by requiring the Named Plaintiffs

10  and class members to work in excess of five hours per day without providing them with a meal

11  period of not less than 30 minutes;

12      (5)  Whether AmeriPride violated Labor Code §226.7(a) and 8 Cal. Code Regs. §§11060

13  sub.12(A), and/or 11090 sub.12(A) ("the Wage Orders") by failing to provide Plaintiffs and the

14  members of the class a ten minute rest period every four hours of work or a fraction thereof; and

15      (6)  Whether the factual conditions exist of probable future violations by AmeriPride of

16  California's overtime, meal and/or rest period laws such that an injunction prohibiting AmeriPride

17  in the future from violating California's laws regarding overtime, meal and/or rest periods should

18  issue.

19                          **FIRST CAUSE OF ACTION**
                          **(Labor Code §§510(a) and 1194(a)**
20                          **re: Overtime for Introductory Employees)**

21  12.    Beginning on a date uncertain but at least four years before the filing of this complaint

22  and continuing to the present AmeriPride and Does 1-5 violated Labor Code §510(a) and 8 Cal.

23  Code of Regs §§11060 sub.3(A) and/or 11090 sub.3(A) and related orders, by requiring Named

24  Plaintiffs and the members of the class while employed in the capacity as "introductory

25  employee" Customer Service Representatives to work in excess of 8 hours per work day or 40

26  hours per work week without paying overtime compensation.

27  13.    As a result of these violations, Named Plaintiffs and the class members have suffered loss

28  of compensation in an amount according to proof.

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

                                    4

**SECOND CAUSE OF ACTION**
**(Labor Code §§510 and 1194(a)**
**re: Overtime for Regular Full-Time Employees)**

14.    Beginning on a date uncertain but at least four years before the filing of this complaint and continuing to the present AmeriPride and Does 1-5 violated Labor Code §510(a) and 8 Cal. Code of Regs §§11060 sub.3(A) and/or 11090 sub.3(A) and related orders, by requiring Named Plaintiffs and the members of the class while employed in the capacity as "regular full-time employee" Customer Service Representatives to work in excess of 8 hours per work day or 40 hours per work week without paying overtime compensation.

15.    As a result of these violations, Named Plaintiffs and the class members have suffered loss of compensation in an amount according to proof.

**THIRD CAUSE OF ACTION**
**(Labor Code §§512(a) and 226.7(a) re: Meal Periods)**

16.    Beginning on a date uncertain but at least four years before the filing of this complaint and continuing to the present AmeriPride and Does 1-5 violated Labor Code §§226.7(a) and 512(a), and 8 Cal. Code of Regs. §§11060 sub.11(A), and 11090 sub. 11(A) and related orders, by requiring Named Plaintiffs and the members of the class to work in excess of five hours per day without receiving a meal period of not less than 30 minutes.

17.    As a result of these violations, Named Plaintiffs and the class members have suffered loss of compensation in an amount according to proof.

**FOURTH CAUSE OF ACTION**
**(Labor Code §§226.7(a) re: Rest Periods)**

18.    Beginning on a date uncertain but at least four years before the filing of this complaint and continuing to the present AmeriPride and Does 1-5 violated Labor Code §226.7(a) and 8 Cal. Code of Regs. §§11060 sub.12(A), and 11090 sub. 12(A) and related orders, by not providing Named Plaintiffs and the members of the class with a rest period of ten minutes every four hours of work or a major fraction thereof.

19.    As a result of these violations, Named Plaintiffs and the class members have suffered loss of compensation in an amount according to proof.

////

TOSDAL, SMITH, STEINER & WAX
600 D Street, Suite 2100
San Diego, CA 92101-4505
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

## FIFTH CAUSE OF ACTION
### (Bus. & Prof. Code §17200)

20.    The unlawful acts of AmeriPride which are alleged in paragraphs 12, 14, 16 and 18 of this complaint constitute acts and practices of unfair competition within the meaning of Bus. & Prof. Code §17200.

21.    These unlawful and unfair acts and practices present a continuing threat to members of the general public because it is likely that unless enjoined AmeriPride will continue to fail to provide its employees with overtime pay, meal periods and/or rest periods as required by law.

22.    As a direct result of these unfair acts and practices, Named Plaintiff and the class members have lost compensation, in an amount according to proof, and restitution to them of their lost compensation by AmeriPride must be made under Bus. & Prof. Code §17203.

## REQUEST FOR JUDGMENT

Plaintiffs request judgment against AmeriPride as follows:

1.    For compensation at a rate of one and one-half times the regular rate of pay for every hour worked in excess of 8 hours per day or 40 hours per work week for every Named Plaintiff and each member of the class in accordance with Labor Code §510(a) and 8 Cal. Code Regs. §§11060 sub.3(A) and 11090 sub.3(A).

2.    For compensation of one hour's pay for each and every violation of the meal and rest period law for every Named Plaintiff and each member of the class in accordance with Labor Code §226.7(b) and 8 Cal. Code Regs. §§11060 sub.11(D), 12(B) and/or 11090 sub.11(D), 12(B);

3.    For interest pursuant to Labor Code §§218.6, 1193.6(a), 1194(a), Civ. Code §3287 and Code of Civ. Proc. §384(b);

4.    For liquidated damages pursuant to Labor Code §1194.2 and 8 Cal. Code Regs. §13656;

5.    For restitution under Bus. & Prof. Code §17203;

6.    For a preliminary and permanent injunction under Bus.& Prof. Code §17203 and the equitable powers of the Court enjoining Defendants and all persons acting in concert with them from not providing overtime pay, meal periods and/or paid rest periods to Plaintiffs as required

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1   by law;

2   7.      For reasonable attorney's fees;

3   8.      For costs of suit;

4   9.      For such other and further relief as the Court deems just and proper.

5

6   Dated: _1/14/08_                          TOSDAL, SMITH, STEINER & WAX

7

8                                             _____
                                              FERN M. STEINER
9                                             Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   TOSDAL, SMITH, STEINER
     & WAX
27   600 B Street, Suite 2100
     San Diego, CA 92101-4508
     Telephone: (619) 239-7200
28   Facsimile: (619) 239-6048

---

7

COMPLAINT

ᵗ⁵

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FILED
CIVIL BUSINESS OFFICE
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

08 JAN 15 PM 3: 43

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERIPRIDE SERVICES, INC., DOES 1-5

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LLOYD MARTIN, KIRK SWORD, DANIEL GORE, individually,
and on behalf of all other similarly situated
current and former employees of AMERIPRIDE SERVICES,
INC.

You have 30 **CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
330 West Broadway

San Diego, CA 92101
Central Division

**CASE NUMBER:**
*(Número del Caso)* 37-2008-00075847-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FERN M. STEINER, ESQ.          (619) 239-7200   (619) 239-6048
TOSDAL, SMITH, STEINER & WAX
600 B STREET, SUITE 2100
SAN DIEGO, CA 92101

DATE: **JAN 1 5 2008**                    Clerk, by _____, Deputy
*(Fecha)*                                 *(Secretario)* K Brown        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL] SUPERIOR COURT SAN DIEGO COUNTY, CA

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

16

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

FERN M. STEINER, ESQ.
TOSDAL, SMITH, STEINER & WAX
600 B STREET, SUITE 2100
SAN DIEGO, CA 92101

TELEPHONE NO.: (619) 239-7200  FAX NO.: (619) 239-6048
ATTORNEY FOR *(Name):* Plaintiffs LLOYD MARTIN, KIRK SWORD, D

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME: LLOYD MARTIN, et al. v. AMERIPRIDE
SERVICES, INC.

FILED
CIVIL BUSINESS OFFICE B
CENTRAL DIVISION

08 JAN 15 PM 3: 43

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2008-00075847-CU-OE-CTL |
|---|---|---|
| [X] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | JUDGE: |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* Five

5. This case [X] is  [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1|15|08

FERN M. STEINER, ESQ.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00075847-CU-OE-CTL   CASE TITLE: Martin vs. Ameripride Services, Inc

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process, that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER:    (619) 685-6064

PLAINTIFF(S) / PETITIONER(S):      Lloyd Martin et.al.

DEFENDANT(S) / RESPONDENT(S):  Ameripride Services, Inc

MARTIN VS. AMERIPRIDE SERVICES, INC

| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2008-00075847-CU-OE-CTL |
| --- | --- |

Judge:  Luis R. Vargas                                           Department: C-63

**COMPLAINT/PETITION FILED:** 01/15/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

22

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| | |
|---|---|
| PLAINTIFF(S): Lloyd Martin et.al. | |
| DEFENDANT(S): Ameripride Services, Inc | |
| SHORT TITLE: MARTIN VS. AMERIPRIDE SERVICES, INC | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER:<br>37-2008-00075847-CU-OE-CTL |
|---|---|

Judge: Luis R. Vargas                                      Department: C-63

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program        ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                            ☐ Private Reference to General Referee

☐ Private Summary Jury Trial             ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral        ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                  Date: _____

_____         _____
Name of Plaintiff                                  Name of Defendant

_____         _____
Signature                                        Signature

_____         _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____         _____
Signature                                        Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 01/15/2008

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)       **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**       Page: 1

3

21

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, St...  ...or number, and address): | FOR COURT USE ONLY |
|---|---|
| FERN M. STEINER, ESQ. (SBN 118588)<br>TOSDAL, SMITH, STEINER & WAX<br>600 B STREET, SUITE 2100<br><br>SAN DIEGO, CA 92101<br>TELEPHONE NO.: (619) 239-7200    FAX NO.: (619) 239-6048<br>ATTORNEY FOR (Name): Plaintiffs LLOYD MARTIN, KIRK SWORD, DANIEL GORE | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| ☐ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296<br>☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792 | F I L E D<br>Clerk of the Superior Court<br><br>JAN 2 5 2008<br><br>By: R. CERSOSIMO, Deputy |

| PLAINTIFF(S) LLOYD MARTIN, KIRK SWORD, DANIEL GORE, individually, and on behalf of all other similarly situated current and former employees of AMERIPRIDE SERVICES, INC. | |
|---|---|
| DEFENDANT(S) AMERIPRIDE SERVICES, INC., DOES 1-5 | JUDGE: Luis R. Vargas |
| IN THE MATTER OF | DEPT: C-63 |
| A MINOR | |

| PEREMPTORY CHALLENGE<br>(CCP 170.6; Superior Court Rules, Division II, Rule 5.5) | CASE NUMBER<br>37-2008-00075847-CU-OE-CTL |
|---|---|

Fern M. Steiner _____ , is ☐ a party ☒ an attorney for a party in the above-entitled case and declares that Luis R. Vargas _____ , the Judge to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such Judge.

WHEREFORE, pursuant to the provisions of §170.6 of the California Code of Civil Procedure, I respectfully request that this Court issue its order reassigning said case to another, and different, Judge for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

TOSDAL, SMITH, STEINER & WAX

Dated: 1/21/08 _____

_____
(Signature)
FERN M. STEINER, ESQ. (SBN 118588)

☒ GRANTED    ☐ DENIED    **ORDER OF THE COURT**

This case is referred to Presiding/Supervising Department for reassignment and a Notice will be mailed to counsel.

Dated: JAN 2 5 2008 _____

Luis R. Vargas, Judge
_____
Judge of the Superior Court

**FOR OFFICE USE ONLY**

This case has been reassigned to Judge _____ per Presiding/Supervising Judge

_____ on _____ .

SDSC CIV-249 (Rev. 5-00)                    PEREMPTORY CHALLENGE                    SD-249

22

01-30-2008 RCVD

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 685-6064 | |
| PLAINTIFF(S) : Lloyd Martin et.al. | |
| DEFENDANT(S) : Ameripride Services, Inc | |
| LLOYD MARTIN VS. AMERIPRIDE SERVICES, INC | 01/25/2008 |

| | CASE NUMBER: |
|---|---|
| **NOTICE OF CASE REASSIGNMENT** | 37-2008-00075847-CU-OE-CTL |

Filed : 01/15/2008

**EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED**

to Judge William R. Nevitt, Jr., in Department C-64

due to the following reason:   Peremptory Challenge

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

23

**EXHIBIT C**

Julie A. Vogelzang, State Bar No. 174411
Emily T. Gates, State Bar No. 246980
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for Defendant AmeriPride Services, Inc.

FEB 27 '08 PM 4:32

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| LLOYD MARTIN, KIRK SWORD, DANIEL GORE, individually, and on behalf of other similarly situated current and former employees of AMERIPRIDE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMERIPRIDE SERVICES, INC., DOES 1-5, <br><br> Defendants. | Case No. 37-2008-00075847-CU-OE-CTL <br><br> The Hon. William R. Nevitt, Jr. <br> Dept. C-64 <br><br> DEFENDANT AMERIPRIDE SERVICES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT <br><br> Complaint Filed:    January 15, 2008 |

Defendant AmeriPride Services, Inc. ("Defendant") hereby submits the following answer and affirmative defenses to the Complaint ("Complaint") filed by plaintiffs Lloyd Brown, Kirk Sword, Daniel Gore, individually, and on behalf of other similarly situated current and former employees of Defendant ("Plaintiffs"):

### I.

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, Defendant denies generally and specifically each, every, and all of the allegations of the Complaint, and the whole thereof. Defendant further denies that Plaintiffs and the putative class members have sustained, or will sustain, any injury, damage, or loss, whatsoever, by reason of any act, omission, breach, or negligence, or any other conduct or the absence thereof, on the part of Defendant, or of any agent, servant, or employee of Defendant.

1

## II.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof or persuasion as to any of them, Defendant hereby alleges the following separate and affirmative defenses to the Complaint and to each purported cause of action therein.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each and every purported claim for relief therein, fails to state facts sufficient to constitute a claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

Plaintiffs and the putative class members are not entitled to recover some or all of the Labor Code penalties prayed for in the Complaint because Defendant's alleged failure to pay wages was not willful and a good faith dispute exists as to whether any such individual was entitled to any unpaid compensation.

## THIRD AFFIRMATIVE DEFENSE

### (Justification and Privilege)

Defendant's actions, respecting the subject matters alleged in the causes of action, and each of them, were undertaken in good faith, with the absence of malicious intent to injure Plaintiffs or the putative class members, and constitute lawful, proper, and justified means to further its sole purpose of engaging in and continuing its business.

## FOURTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

The Complaint, and each and every purported claim for relief therein, is barred by the applicable statutes of limitations, including but not limited to those set forth in Code of Civil Procedure sections 337, 338(a), 339, and 340(a), Labor Code section 203, and Business and Professions Code section 17208.

///

2

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Laches)

3      Defendant is informed and believes, and on that basis alleges, that Plaintiffs' Complaint and

4   each cause of action asserted therein are barred by the doctrine of laches.

5

## SIXTH AFFIRMATIVE DEFENSE

6

### (Estoppel and Waiver)

7      Defendant is informed and believes, and on that basis alleges, that Plaintiffs' alleged causes of

8   action, and each of them, are barred, in whole or in part, by the doctrines of estoppel and waiver

9   because of Plaintiffs' performance and conduct, as well as the performance and conduct of the

10   putative class members.

11

## SEVENTH AFFIRMATIVE DEFENSE

12

### (Unclean Hands)

13      Defendant is informed and believes, and on that basis alleges, that Plaintiffs' Complaint is

14   barred, in whole or in part, by the doctrine of unclean hands.

15

## EIGHTH AFFIRMATIVE DEFENSE

16

### (Exempt Employee Status)

17      Plaintiffs' Complaint and each and every cause of action therein are barred to the extent that

18   Plaintiffs and some or all members of the putative class were and are exempt employees pursuant to

19   the United States Code, Code of Federal Regulations, California Labor Code, California Code of

20   Regulations and/or the California Industrial Welfare Commission Occupational Wage Orders.

21

## NINTH AFFIRMATIVE DEFENSE

22

### (Not Suitable for Class Treatment)

23      The claims included in Plaintiffs' Complaint do not state facts that render them appropriate for

24   class treatment in that the claims lack commonality, individualized questions predominate, and/or

25   Plaintiffs are inadequate and not typical representatives of the interests of the putative class. Further,

26   Plaintiffs' class claims should also be rejected on manageability grounds given that, among other

27   things, Plaintiffs' representative claims will necessarily require consideration of a myriad of facts

28   specific to numerous individuals.

DEFENDANT AMERIPRIDE SERVICES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Primary Jurisdiction Doctrine)

3     Plaintiffs' Complaint, and each purported cause of action under state law, should be abated,

4  and Plaintiffs and the putative class members should be compelled to pursue their administrative

5  remedies with the California Division of Labor Standards Enforcement, which has primary

6  jurisdiction over Plaintiffs' claim.

7

## ELEVENTH AFFIRMATIVE DEFENSE

8

### (No Liability for Hours Not Worked)

9     Plaintiffs' Complaint and each cause of action set forth therein are barred to the extent that the

10  hours for which Plaintiffs seek compensation are not hours worked under California state law,

11  including any applicable California Industrial Welfare Commission Wage Order.

12

## TWELFTH AFFIRMATIVE DEFENSE

13

### (Concrete Communication of Expectation)

14     Defendant, through its policies and procedures, communicated in a concrete manner its

15  expectation to Plaintiffs and the putative class members that they should accurately record all hours

16  worked so that Defendant could properly compensate them for all wages due. To the extent Plaintiffs

17  and/or the putative class members ignored those expectations and/or misrepresented their hours

18  worked on the time sheets that they completed, they are barred from pursuing their claims.

19

## THIRTEENTH AFFIRMATIVE DEFENSE

20

### (No Irreparable Harm)

21     Plaintiffs and the putative class members are not entitled to any injunctive relief because they

22  will not suffer irreparable harm.

23

## FOURTEENTH AFFIRMATIVE DEFENSE

24

### (Consent/Acquiescence)

25     Plaintiffs and the putative class members, by their conduct, consented to and/or acquiesced to

26  the conduct of Defendant and are therefore barred from maintaining this action.

27  / / /

28  / / /

---

4

DEFENDANT AMERIPRIDE SERVICES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Payment of Wages)

3   Plaintiffs' Complaint and each purported cause of action set forth therein are barred to the

4   extent that Plaintiffs and the putative class members received proper payment for all hours worked,

5   and any uncompensated time was *de minimis*.

6

## SIXTEENTH AFFIRMATIVE DEFENSE

7

### (Failure to Mitigate Damages)

8   Defendant is informed and believes, and on that basis alleges, that Plaintiffs and the putative

9   class members failed to mitigate or attempt to mitigate damages, if any.  Therefore, any damages that

10  have or will be sustained, and any recovery by Plaintiffs and the putative class members must be

11  diminished by reason thereof.

12

## SEVENTEENTH AFFIRMATIVE DEFENSE

13

### (No Predicate Violation of Law)

14  Plaintiffs' claims are barred to the extent that they and the general public cannot establish a

15  predicate violation of law sufficient to maintain a cause of action for an unlawful business practice

16  under California Business & Professions Code section 17200 *et seq.* (the "Unfair Competition Law"

17  or "UCL").  Among other things, Plaintiffss' claims are barred to the extent they are based upon the

18  purported violation of a statute or regulation that is of purely regulatory import, or otherwise does not

19  constitute "unlawful" conduct for purposes of the UCL.

20

## EIGHTEENTH AFFIRMATIVE DEFENSE

21

### (No "Unfair" Conduct)

22  Plaintiffs' claim for unfair business practices is barred because, among other things:  (1) the

23  alleged conduct of Defendant was at all times justified, fair, and undertaken in good faith exercise of a

24  valid business purpose; and (2) the reasons and justifications for Defendants' challenged conduct

25  outweigh any alleged harm to Plaintiffs or the general public.

26  / / /

27  / / /

28  / / /

DEFENDANT AMERIPRIDE SERVICES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

Plaintiffs' claims are barred, in whole or in part, because of Defendant's compliance with all applicable laws, statutes and regulations, which constitutes a safe harbor to any claim under the UCL.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Standing)

The claims of Plaintiffs are barred by reason of lack of standing to the extent that they and the putative class members have suffered no cognizable injury.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Statute As Applied Is Unconstitutionally Vague)

Plaintiffs' claims violate Defendant's rights under the United States and California Constitutions by attempting to enforce the UCL and the other statutes and regulations listed in the Complaint in a manner which renders the requirements of those statutes and regulations unconstitutionally vague.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Abstention)

Plaintiffs' claim for relief should be denied under the equitable doctrine of abstention because such relief would encroach on legislative and administrative prerogatives, or substitute the Court's oversight for that of legislative and administrative agencies, including, but not limited to, the California Department of Industrial Relations, Division of Labor Standards Enforcement.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Without concession to any claim or allegation, any alleged injury or damage claimed by Plaintiffs or third parties could be adequately compensated in an action at law. Given that Plaintiffs and the general public have an adequate remedy at law, there is no entitlement to equitable relief under the UCL statute, or otherwise.

///

///

DEFENDANT AMERIPRIDE SERVICES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

29

1 | **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

2 | **(Unconstitutional Imposition of Restitution/Disgorgement)**

3 |     Plaintiffs' demands for restitution, disgorgement, or other monetary relief constitute or are the

4 | equivalent of a form of criminal or *quasi*-criminal sanction and thus violate Defendant's rights under

5 | the United States Constitution, including without limitation, the Fourth, Fifth, Sixth, Eighth, and

6 | Fourteenth Amendments, and the California Constitution, absent the safeguards guaranteed by those

7 | provisions. Further, Plaintiffs cannot establish that Defendant has wrongfully acquired any property

8 | or benefit by or through any means of unfair competition.

9 | **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

10 | **(Due Process)**

11 |     Any award of monetary relief under the UCL purportedly made on behalf of members of the

12 | general public without satisfying class certification requirements violates the Due Process Clauses of

13 | the United States and California Constitutions, the Excessive Fines Clauses of the Eighth Amendment

14 | (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States

15 | Constitution) and the California Constitution, and Article I, Section 17 of the California Constitution.

16 | **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

17 | **(Reservation of Rights)**

18 |     Defendant presently has insufficient knowledge or information upon which to form a belief as

19 | to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves the right

20 | to assert additional affirmative defenses in the event that investigation and discovery indicate they

21 | would be appropriate.

22 | **III.**

23 | **PRAYER FOR RELIEF**

24 |     WHEREFORE, Defendant requests relief as follows:

25 |     1.    That Plaintiff and the putative class members take nothing by reason of her/their

26 | Complaint;

27 |     2.    Denial of injunctive relief;

28 |

1      3.  For reasonable attorneys' fees pursuant to California Labor Code section 218.5 or any

2  other applicable law, and for costs of suit, including experts' fees; and

3      4.  For such other and further relief as the Court may deem proper.

4  DATED: February 27, 2008      LUCE, FORWARD, HAMILTON & SCRIPPS LLP

5

6      By: Julie A Vogelzang

7      JULIE A. VOGELZANG
       EMILY T. GATES

8  101075328.1      Attorneys for Defendant AmeriPride Services, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

DEFENDANT AMERIPRIDE SERVICES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

31

1    **PROOF OF SERVICE**

F I L E D
CIVIL BUSINESS OFFICE
CENTRAL DIVISION
FEB 27 2008
CLERK - SUPERIOR COURT
SAN DIEGO COUNTY, CA

2    MARTIN V. AMERIPRIDE, et al., Case No. 37-2008-00075847-CU-OE-CTL

3    Judge: William R. Nevitt, Jr.

4    Dept: C-64

5            At the time of service, I was over 18 years of age and **not a party to this action**. I am
     employed in the County of San Diego, State of California.  My business address is 600 West
6    Broadway, Suite 2600, San Diego, California 92101-3372.

7            On February 27, 2008, I served true copies of the following document(s) described as
     **DEFENDANT AMERIPRIDE SERVICES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**
8    on the interested parties in this action as follows:

9            FERN M. STEINER, ESQ.
             TOSDAL, SMITH, STEINER & WAX
10           600 B Street, Suite 2100
             San Diego, CA 92101

11

     **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at
12   the addresses listed in the Service List and placed the envelope for collection and mailing, following
     our ordinary business practices.  I am readily familiar with Luce, Forward, Hamilton & Scripps LLP's
13   practice for collecting and processing correspondence for mailing.  On the same day that the
     correspondence is placed for collection and mailing, it is deposited in the ordinary course of business
14   with the United States Postal Service, in a sealed envelope with postage fully prepaid.

15           I declare under penalty of perjury under the laws of the State of California that the foregoing is
     true and correct.
16

17           Executed on February 27, 2008, at San Diego, California.

18

19           _Connie J. Marsh_
             Connie J Marsh

20
     101075914.1
21

22

23

24

25

26

27

28

32

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 148577    — SH
* * C O P Y * *
March 10, 2008
12:26:11**

**Civ Fil Non-Pris**
USAO #.: 08CV0440
Judge..: MARILYN L HUFF
Amount.:                    $350.00 CK
Check#.: BC3597

**Total—>  $350.00**

FROM: MARTIN ET AL .V AMERIPRIDE SER

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LLOYD MARTIN, KIRK SWORD, DANIEL GORE, ET AL.

## DEFENDANTS
AMERIPRIDE SERVICES, INC., ET AL.

FILED

08 MAR 10 PM 12: 24

08 CV 0440 H JMA
DEPUTY

**(b)** County of Residence of First Listed Plaintiff San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Hennepin, MN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
JFERN M. STEINER, ESQ.
TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101
Telephone: 619-239-7200
Fax: 619-239-6048

Attorneys (If Known)
Julie A. Vogelzang, State Bar No. 174411
Emily T. Gates, State Bar No. 246980
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                  and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury— Med. Malpractice
- [ ] 365 Personal Injury— Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
**Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [X] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus – Alien Detainee
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1441 and 1446
Brief description of cause:
Violation of Labor Code Wage Orders

## VII. REQUESTED IN COMPLAINT:
- [X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE
March 10, 2008

SIGNATURE OF ATTORNEY OF RECORD    Julie A Vogelzang

FOR OFFICE USE ONLY    AMOUNT 148577    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

$350    SL 3/10/08

American LegalNet, Inc.
www.FormsWorkflow.com