Julie A. Vogelzang, State Bar No. 174411
Emily T. Gates, State Bar No. 246980
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for Defendant AmeriPride Services, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD MARTIN, KIRK SWORD, DANIEL GORE, individually, and on behalf of other similarly situated current and former employees of AMERIPRIDE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMERIPRIDE SERVICES, INC., DOES 1-5, <br><br> Defendants. | Case No. 08 CV 0440 H JMA <br><br> **DEFENDANT'S NOTICE OF RELATED CASE** |

Pursuant to Rule Civil Rule 40.1(e) of the Local Rules of Practice for the United States District Court for the Southern District of California, Defendant AmeriPride Services, Inc. hereby notifies all parties and counsel of a related case:

> Grady O'Bryant v. AmeriPride Services, Inc. and DOES 1-50, inclusive
> Superior Court of California
> County of Sacramento
> Case No.34-2008-00007019-CU-OIE-GDS
> Filing Date: March 27, 2008

The O'Bryant Complaint is a purported Class Action which contains factual allegations, parties, and questions of law similar and/or identical to those presented by the case pending before this Court. Plaintiff O'Bryant alleges that Defendant AmeriPride Services, Inc. failed to pay wages due to "Route and/or Delivery Drivers" (or individuals "with the equivalent position however titled") in violation of California's wage and hour laws and includes five causes of action for: (1) Failure to Pay

1  Wages Due and Owing under California Labor Code section 510 and subsection 3 of the applicable Industrial Welfare Commission Orders; (2) Failure to Pay Wages Due and Owing under California Labor Code sections 226.7 and 512 and subsections 11 and 12 of the applicable Industrial Welfare Commission Orders; (3) Failure to Pay Minimum Wage as Required by subsection 4 of the applicable Industrial Welfare Commission Orders; (4) Violation of Business and Professions Code sections 17200 et seq; and (5) Penalties pursuant to California Labor Code section 203. A true and correct copy of the O'Bryant Complaint is attached to Defendant's Notice of Lodgment ("NOL") as Exhibit 1. O'Bryant alleges that "[t]he duties and responsibilities of the Route and/or Delivery Drivers were/are virtually identical from region to region, area to area, store to store and employee to employee within the State of California. Further, any variation in job activities between the different individuals are legally insignificant ...." NOL Exh. 1, para. 18.

The Martin Complaint on file in this Court is a purported Class Action and was filed in State Court on January 15, 2008 and thereafter removed to Federal Court on March 10, 2008. The Martin Complaint alleges that Defendant AmeriPride failed to pay wages due to "Customer Service Representatives" (i.e., drivers with customer service responsibilities) in violation of California's wage and hour laws and includes five causes of action for: (1) Violation of Labor Code sections 510(a) and 1194(a) regarding Overtime for Introductory Employees; (2) Violation of Labor Code sections 510(a) and 1194(a) regarding Overtime for Regular Full-Time Employees; (3) Violation of Labor Code sections 512(a) and 226.7(a) regarding Meal Periods; (4) Violation of Labor Code sections 226.7(a) regarding Rest Periods; and (5) Violation of Business and Professions Code section 17200. A true and correct copy of the Martin Complaint is attached to the NOL as Exhibit 2.

These cases are substantially similar, as they are purported class actions concerning the same parties (current and former customer service drivers of AmeriPride Services, Inc.), the same or similar facts (whether the drivers' duties entitled them to overtime, whether the drivers worked through meals and breaks, etc.) and the same general wage and hour allegations with differences that could be addressed at consolidation. Defendant AmeriPride Services, Inc. requests assignment of both cases to this Court, as the first filed case is pending in this Court. Assignment to a single Federal district judge will effect judicial economy by having only one consolidated case rather than two virtually identical

cases on parallel tracks, negating the possibility of inconsistent rulings and avoiding significant expense and delay by permitting Defendant AmeriPride Services, Inc. to defend itself in only one forum rather than two.

DATED: April 16, 2008        LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: /s/ Julie A. Vogelzang
JULIE A. VOGELZANG
EMILY T GATES
Attorneys for Defendant AmeriPride Services, Inc.

101084263.1