1  Julie A. Vogelzang, State Bar No. 174411
   Emily T. Gates, State Bar No. 246980
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   600 West Broadway, Suite 2600
3  San Diego, California 92101-3372
   Telephone No.:  619.236.1414
4  Fax No.:  619.232.8311

5

   Attorneys for Defendant AmeriPride Services, Inc.
6

7                    UNITED STATES DISTRICT COURT

                    SOUTHERN DISTRICT OF CALIFORNIA
8

9
   LLOYD MARTIN, KIRK SWORD, DANIEL          Case No. 08 CV 0440 H JMA
10 GORE, individually, and on behalf of other
   similarly situated current and former       **DEFENDANT'S NOTICE OF**
11 employees of AMERIPRIDE SERVICES,           **LODGMENT REGARDING RELATED**
   INC.,                                       **CASE**
12
          Plaintiffs,
13
   v.
14
   AMERIPRIDE SERVICES, INC., DOES 1-5,
15
          Defendants.
16

17        TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

18        PLEASE TAKE NOTICE that defendant, Ameripride Services, Inc. hereby lodges with the

19 Court the following documents to be judicially noticed in support of its Notice of Related Case:

20        Document      Description

21        1.            Grady O'Bryant v. Ameripride Services, Inc., et al – Sacramento

22                      County Superior Court Case Number: 34-2008-00007019-CU-OIE-GDS

23        2.            Lloyd Martin, Kirk Sword, Daniel Gore, et al. v. Ameripride Services, Inc. –

24                      United States District Court – Southern District - Case Number: 08-CV-0440-H

25                      JMA (removed on March 10, 2008 from California State Superior Court, San

26 / / /

27 / / /

28 / / /

                                             1                Case No. 08 CV 0440 H JMA
                                                      DEFENDANT'S NOTICE OF LODGMENT
                                                            REGARDING RELATED CASE

1     Diego County, Central Division Case

2     Number 37-2008-00075847 CU OE CTL

3  DATED:  April 16, 2008          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

4

5     By: _Julie A Vogelzang_____

6     Julie A. Vogelzang
      Emily T. Gates

7     Attorneys for Defendant Ameripride Services, Inc.

8

9  101084473.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 08 CV 0440 H JMA
DEFENDANT'S NOTICE OF LODGMENT
REGARDING RELATED CASE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

DEPARTMENT 58

FILED
Superior Court Of California,
Sacramento
Dennis Jones, Executive
Officer
03/27/2008
gtoda
By _____, Deputy
Case Number:
34-2008-00007019-CU-OE-GDS

1  LAW OFFICES OF
   WAGNER & JONES
2  Nicholas Wagner, #109455
   Andrew B. Jones, #076915
3  Daniel M. Kopfman, #192191
   1111 E. Herndon, Suite 317
4  Fresno, California 93720
   559/449-1800
5  559/449-0749

6

7  Attorneys for Plaintiff GRADY O'BRYANT

8                           File by Fax

9             SUPERIOR COURT OF CALIFORNIA

10              COUNTY OF SACRAMENTO

11

12  GRADY O'BRYANT,                    Case No.

         Plaintiffs,                   CLASS ACTION
13
    vs.                                COMPLAINT FOR DAMAGES AND
14                                     EQUITABLE RELIEF
    AMERIPRIDE SERVICES, INC, and
15  DOES 1-50, inclusive,              1.    FAILURE TO PAY WAGES
                                             DUE AND OWING (CA
16      Defendants.                          LABOR CODE 510);
                                       2.    FAILURE TO PAY WAGES
17  _____/                 DUE AND OWING (CA
                                             LABOR CODE 512);
18                                     3.    FAILURE TO PAY MINIMUM
                                             WAGE;
19                                     4.    VIOLATION OF BUSINESS
                                             AND PROFESSIONS CODE
20                                           17200; and
                                       5.    VIOLATION OF LABOR CODE
21                                           203.

22

23

24

25                           I

26  GENERAL ALLEGATIONS COMMON TO EACH CAUSE OF ACTION

27      Representative Plaintiff, GRADY O'BRYANT, bring this challenge to Defendant's

28  lucrative, repressive and unlawful business practices on behalf of himself and on behalf of

---

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF                              1

1  all other members of the general public similarly situated, and hereby allege and state as

2  follows:

3      1. This is a class action brought against Defendants, and each of them, on behalf of

4  a collective class of all persons employed by Defendants, and each of them, in the position

5  of Route and/or Delivery Driver in the State of California (or persons with the equivalent

6  position however titled) who were not paid wages pursuant of California law prior and

7  subsequent to the date this action was filed.

8      2. This action alleges that Defendants, and each of them: (1) improperly and in

9  violation of California state law failed to pay wages due and owing to its Route and/or

10  Delivery Drivers in violation of California Labor Code sections 510, 512, and subsections

11  3, 11, and 12 of the applicable California Industrial Welfare Commission Orders; (2)

12  violated California Business and Professions Code 17200, et. seq.; (3) failed to pay

13  compensation to former employees in violation of California Labor Code 201, and 202; and

14  (4) converted the wages owed to the Plaintiffs and the Class Members all in conscious

15  disregard of the Plaintiffs' and the Class' rights, entitling Plaintiffs and the Class to an

16  award of punitive damages.

17      3. This action seeks relief for the unremedied violations of California law including,

18  inter alia:

19

20      (a) damages and/or restitution, as appropriate, to Plaintiff and to the Class
        Members, who have not been paid wages as required by California law and/or

21      whose records of hours worked have not been maintained or furnished, have
        been inaccurately maintained or have been altered or destroyed, including

22      exemplary damage where and if appropriate;

23      (b) an Order requiring disgorgement from Defendants, and each of them, of
        all monies wrongfully withheld, including interest, as a result of the practices

24      alleged herein;

25      (c) implementation of other equitable and injunctive relief, including inter
        alia, an injunction prohibiting Defendants, and each of them, from (1) failing

26      to pay wages to Route or Delivery Drivers as required under California Labor
        Code sections 510, 512, and subsections 3, 11 and 12 of the applicable

27      Industrial Welfare Commission Orders; (2) failing to pay compensation to
        former employees in violation of California Labor Code sections 201 and

28      202;

1  (d) interest;

2  (e) attorney fees and costs as provided by statute and/or applicable case law
3  including California Labor Code section 218.5and 1194; and

4  (f) such other relief as the court deems just and proper.

5  4. This class-action lawsuit for damages and equitable relief is founded exclusively

6  upon California state law including, but not limited to, violations of the California Labor

7  Code, Industrial Welfare Commission Orders, and the California Business and Professions

8  Code.

9  5. Venue is proper in Sacramento County because Defendants own and operate

10  distribution facilities in Sacramento County where Defendants have failed to pay Plaintiff

11  and Class Members wages in violation of California law. Plaintiff and the Class Members

12  have suffered damages and will continue to suffer the same harm as the Representative

13  Plaintiff, GRADY O'BRYANT, as a result of Defendants, and each of their wrongful

14  conduct unless the relief request herein is granted.

15  6. Plaintiff is informed and believes and thereon alleges that Defendant,

16  AMERIPRIDE SERVICES, INC. (hereinafter "AMERIPRIDE") at all relevant times herein

17  is a corporation duly organized and existing as entities under and by virtue of law,

18  authorized to do and doing business in the City of Sacramento, County of Sacramento, and

19  the State of California.

20  7. Plaintiff and Class Members are citizensof the State of California and/or are

21  employed as Route and/or Delivery (or the equivalent) by Defendants, and each of them,

22  in Sacramento County, and various other counties throughout the State of California.

23  8. Plaintiff, GRADY O'BRYANT, is a resident of Sacramento County, California

24  and was employed by AMERIPRIDE as a Route and/or Delivery Driver from approximately

25  April 2003 to January 2008. He brings this action in his individual capacity on behalf of

26  himself, and on behalf of all other Route and/or Delivery similarly situated pursuant to

27  California Code of Civil Procedure section 382, and, pursuant to California Business and

28  Professions Code 17200 et. seq., on behalf of the general public.

1     9. Plaintiff is informed and believes and thereupon alleges that Defendants, Doe 1-
2  10, are at all time relevant hereto, persons, residing in the County of Sacramento, State of
3  California and were management employees of AMERIPRIDE. At all relevant times herein
4  such DOE 1-10 Defendants, were managing employees of AMERIPRIDE, with policy
5  making authority to set wages, hire, fire, discipline employees, and with supervisory control
6  over Plaintiff and Class Members.

7     10. The true names and capacities of the Defendants sued herein as DOES 1 through
8  50, inclusive, whether individual, corporate, associate or otherwise, are unknown to
9  Plaintiffs, who therefore sues such Defendants by their fictitious names pursuant to
10  California Code of Civil Procedure section 474. Plaintiff is informed and believes that each
11  of the Doe Defendants are liable to Plaintiff under the same theories and causes of action
12  as set forth in this complaint. Plaintiff is informed and believes and thereon allege that the
13  DOE Defendants are California residents. Plaintiff will amend this complaint to show such
14  true names and capacities when the same have been ascertained.

15     11. Plaintiff is informed and believes and thereon alleges that each of the
16  Defendants herein was at all times relevant hereto the agent, employee, servant,
17  representative or alter ego of the remaining Defendants, and was acting, at least in part,
18  within the course and scope of such relationship.

19     12. At all times mentioned, Defendants, and each of them, were members of, and
20  engaged in, a joint venture, partnership and common enterprise, and acting within the course
21  and scope of, and in pursuit of, said joint venture, partnership and common enterprise.

22     13. At all times herein mentioned, Defendants, and each of them, ratified each and
23  every act or omission complained of herein. At all times mentioned, the Defendants, and
24  each of them, aided and abetted the acts and omissions of each and all of the other
25  Defendants and proximately caused the damages as alleged herein.

26     14. Defendants, and each of them, through their agents and employees (not including
27  the Plaintiff, members of the "Collective Class", or "Class-Action Class" (members)),
28  established and carried out a policy which violated California Labor Code sections 201, 202,

1  226, 226.7, 510, 512, 1198, and subsections 3, 4, 7, 11, and 12 of the applicable Industrial

2  Welfare Commission Orders in that Plaintiff, members of the Collective Class, and Class-

3  Action Class Members were not paid overtime according to California law for hours that

4  they were required to work including hours devoted to the following, (1) training, (2) work

5  before and after they were required to punch in or out, (3) work during their statutory lunch

6  or break periods, (4) work after the Defendants, and each of them, would "punch out" for

7  the Plaintiff, "Collective Class" members and "Class-Action Class" members while they

8  were still working, (5) meetings before the hour they were allowed to punch in, (6) time

9  taken to complete paperwork when they were not allowed to punch in, and (7) work

10 comprising of more than 8 hours per day and more than 40 hours in a week.

11      15.  As a result of the actions of Defendants, and each of them, Plaintiff, members

12 of the Collective Class, and Class-Action Class Members suffered damages, including lost

13 pay, wages, benefits, vacation pay, and interest.

14      16.  These violations of law were committed knowingly and willfully by Defendants,

15 and each of them, with full knowledge of the required laws cited herein.

16      17.  The actions of Defendants, and each of them, were therefore fraudulent,

17 malicious, and oppressive and as such Plaintiff, the Collective Class and the Class-Action

18 Class Members are entitled to an award of punitive damages by way of example and

19 deterrence.

20      18.  The duties and responsibilities of the Route and/or Delivery Drivers were/are

21 virtually identical from region to region, area to area, store to store and employee to

22 employee within the State of California.  Further, any variation in job activities between the

23 different individuals are legally insignificant to the issues presented by this action since the

24 central facts remain, to wit, Plaintiff and the Representative Class and Class-Action Class

25 Members performed nonexempt work for which they have never been paid the wages earned

26 as required by California law.

27      19.  Plaintiff, and/or certain members of the Representative Class and Class-Action

28 Class, were involuntarily discharged by Defendants, constructively terminated    or

1   voluntarily terminated their employment, and did not receive all pay due and owing at the

2   time their employment with AMERIPRIDE was terminated. Defendants, in violation of

3   California Labor Code sections 201 and 202, et. seq., respectively, had a consistent uniform

4   policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all

5   such former employees, including the Representative Plaintiff.  The Defendants willfully

6   failed to pay the earned and unpaid wages of such individuals, including, but not limited to,

7   minimum wage, meal time, break time, vacation time, and other wages earned.  Plaintiff,

8   members of the Collective Class and members of the Class-Action Class did not secret or

9   absent themselves from Defendants nor did they refuse to accept the earned but unpaid

10  wages from Defendants. Accordingly, Defendants are liable for waiting time penalties for

11  the unpaid wages pursuant to California Labor Code 203 and subsection 20 of the applicable

12  Industrial Welfare Commission Orders.

13                                   II

14                    CLASS ACTION ALLEGATIONS

15      20.  This complaint is brought by Representative Plaintiff pursuant to California

16  Code of Civil Procedure section 382 on behalf of the Class. All claims alleged arise under

17  California law for which Representative Plaintiff seeks relief which is authorized under

18  California law. The class is comprised of, and defined as, all current and former California-

19  based, nonexempt Route and/or Delivery Drivers or persons with equivalent position

20  however titled, who worked and/or are working for Defendants, and each of them, within

21  four years prior to the filing of the original Complaint in this action up to and including the

22  time final judgement is entered, yet were not paid wages all in violation of California Labor

23  Code sections 226.7, 510, 512, and subsections 3, 4, 11, and 12 of the applicable Industrial

24  Welfare Commission Orders.

25      21.  The members of the Class are so numerous that joinder of all members would

26  be impractical, if not impossible.  The identity of the members of the Class is readily

27  ascertainable by review of Defendants's records including but not limited to records

28  required by Labor Code §§226, 1174, and subsection 7 of the applicable Industrial Welfare

1  Commission Orders. Further, the subject matter of this action both as to factual matters and
2  as to matters of law, is such that there are questions of law and fact common to the Class
3  which predominate over questions affecting only individual members.

4  22.  The California Labor Code and Wage Order provisions upon which the
5  Representative Plaintiff bases his claims are broadly remedial in nature. These laws and
6  labor standards serve an important public interest in establishing minimum working
7  conditions and standards in California. These laws and labor standards protect the average
8  working employee from exploitation by employers who may seek to take advantage of
9  superior economic and bargaining power in setting onerous terms and conditions of
10  employment. The nature of this action and the format of laws available to Representative
11  Plaintiff and the Class make the class action format a particularly efficient and appropriate
12  procedure to redress the wrongs alleged herein. Further, this case involves a large corporate
13  employer and a large number of individual employees with many relatively small claims.
14  If each employee were required to file an individual lawsuit, the corporate Defendants
15  would necessarily gain an unconscionable advantage since they would be able to exploit and
16  overwhelm the limited resources of each individual Plaintiff and Class member with its
17  vastly superior financial and legal resources. Requiring each member of the Class to pursue
18  an individual remedy and would also discourage the assertion of lawful claims by employees
19  who would be disinclined to file an action against their former and/or current employer for
20  real and justifiable fear of retaliation and permanent damage to their careers at their current
21  or subsequent employment.

22  23.  The prosecution of separate actions by the individual Class Members, even if
23  possible, would create a substantial risk of (1) inconsistent or varying adjudications with
24  respect to individual Class Members against the Defendants and which would establish
25  potentially incompatible standards of conduct for the Defendants, and/or (2) adjudications
26  with respect to individual Class Members which would, as a practical matter, be dispositive
27  of the interests of the other Class Members not parties to the adjudications or which would
28  substantially impair or impede the ability of the Class Members to protect their interests.

1  Further, the claims of the individual members of the Class are not sufficiently large to

2  warrant vigorous individual prosecution considering all of the concomitant costs and

3  expenses.

4      24. Such a pattern, practice and uniform administration of corporate policy regarding

5  employee compensation as described herein is unlawful and creates an entitlement to

6  recovery by Plaintiff and the Class, in a civil action, for the unpaid balance of the full

7  amount of the pay, including interest thereon, waiting time penalties, reasonable attorney's

8  fees and costs of suit according to the mandates of California Labor Code 1194 and

9  subsection 20 of the applicable Industrial Welfare Commission Orders.

10     25. Proof of a common business practice or pattern, of which the named Plaintiff

11  experienced are representative and will establish the right of each of the members of the

12  Class to recovery on the causes of action alleged herein.

13     26. The Class is entitled in common to a specific fund with respect to the wages and

14  overtime compensation illegally and unfairly retained by Defendants. The Class is entitled

15  in common to restitution and disgorgement of those funds being improperly withheld by

16  Defendants. This action is brought for the benefit of the entire Class and will result in the

17  creation of a common fund.

18     27. There is a well-defined community of interest in the questions of law and fact

19  involved affecting the parties to be represented. The questions of law and fact common to

20  the Class predominate over questions that may affect individual Class Members, including

21  the following:

22
23      (a) whether Defendants were required by law to pay overtime to Route and/or
        Delivery Drivers who are not exempt under California Labor Code section
24      514 or subsection 3 of the applicable Industrial Welfare Commission Orders
        for time worked in excess of 8 hours per day, 40 hours per week and for the
25      time "Commission Drivers" worked for Defendants and were not paid;

26      (b) whether Defendants paid Route and/or Delivery Drivers minimum wage
        for all hours worked as required by subsection 4 of the applicable Industrial
27      Welfare Commission Orders;

28      (c) whether Route and/or Delivery Drivers received pay due and owing
        pursuant to Labor Code §226.7 and subsections 11 and 12 of the applicable

Industrial Welfare Commission Orders;

(d) whether Plaintiff and Class Members received the monies due and owing pursuant to Labor Code §201, 202, and 203.

(e) whether Defendants implemented and engaged in a systematic business practice of failing to pay Route and/or Delivery Drivers wages according to California law for all hours worked;

(f) whether upon recognizing its legal obligation to pay wages pursuant to California law to members of the Class, Defendants paid all wages and overtime actually due;

(g) whether Defendants failed to keep, maintain or furnish accurate records of the actual hours worked by Route and/or Delivery Drivers as required by Labor Code §226 and subsection 7 of the applicable Industrial Welfare Commission Orders;

(h) whether Defendants failed to maintain any other records and/or other evidence relevant to the claims asserted in this litigation;

(i) whether Defendants willfully failed to pay all wages due and owing to all Route and/or Delivery Commission Drivers whose employment with AMERIPRIDE was terminated;

(j) whether the systematic acts and practices of Defendants, and each of them, as alleged herein violated, inter alia, California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 558, 1174, 1194, 1198, Industrial Welfare Commission Orders and the California Business and Professions Code section 17200, et seq.

28.   Because the Representative Plaintiff and other members of the Class-Action Class in the position of Route and/or Delivery Driver" routinely worked without breaks or lunch periods as required by California Labor Code section 512 and subsections 11 and 12 of the applicable Industrial Welfare Commission Orders and were not compensated for all the time worked as required by subsection 4 of the applicable Industrial Welfare Commission Orders, and based upon the uniform duties and responsibilities required by Defendants, and each of them, and its uniform pay scheme for such employees, the Representative Plaintiff's claims are typical of the claims of the entire Class.

29. The Representative Plaintiff will fairly and adequately represent and protect the interests of the Class in that they have no disabling conflicts of interest that would be antagonistic to the other members of the Class.  The Representative Plaintiff has retained counsel who are competent in the prosecution of class action litigation, and in overtime

1  wage class action litigation.

2      30. The Representative Plaintiff and members of the Class have all similarly suffered

3  irreparable harm and damages as a result of Defendants, and each of their, unlawful and

4  wrongful conduct. Defendants' systematic failure to retain accurate records of hours

5  worked by Route and/or Delivery Drivers as required by law makes Class treatment

6  especially appropriate. This action will provide substantial benefits to both the Class and

7  the public since, absent this action, Defendants' unlawful conduct will continue unremedied

8  and uncorrected.

9  **FIRST CAUSE OF ACTION**

10  **(Failure to Pay Wages Due And Owing. California Labor Code section 510 and
subsection 3 of the applicable**

11  **Industrial Welfare Commission Orders)**

12      31. Plaintiff incorporates by reference the allegations contained in Paragraphs 1

13  through 30 of this Complaint as if fully set forth herein.

14      32. California Labor Code 510 and subsection 3 of the applicable Industrial Welfare

15  Commission Orders provide in relevant part as follows:

16      (a) Eight hours of labor constitutes a day's work. Any work in excess of eight
hours in one workday and any work in excess of 40 hours in any one

17  workweek and the first eight hours worked on the seventh day of work in any
one workweek shall be compensated at the rate of not less than one and one-

18  half times the regular rate of pay for an employee. Any work in excess of 12
hours in one day shall be compensated at the rate of not less than twice the

19  regular rate of pay for an employee. In addition, any work in excess of eight
hours on any seventh day of a workweek shall be compensated at the rate of

20  not less than twice the regular rate of pay of an employee. Nothing in this
section requires an employer to combine more than one rate of overtime

21  compensation in order to calculate the amount to be paid to an employee for
any hour of overtime work.

22

23      33. California Labor Code 514 and subsection 3 of the applicable Industrial Welfare

24  Commission Orders provides an exception to the overtime provisions of California Labor

25  Code 510 in relevant part as follows:

26      Sections 510 and 511 do not apply to an employee covered by a valid
collective bargaining agreement if the agreement expressly provides for the

27  wages, hours of work, and working conditions of the employees, and if the
agreement provides premium wage rates for all overtime hours worked and

28  a regular hourly rate of pay for those employees of not less than thirty percent
more than the state minimum wage.

34. This cause of action for payment of overtime pursuant to California Labor Code section 510 and subsection 3 of the applicable Industrial Welfare Commission Orders is brought on behalf of Plaintiff, Representative Class Members and members of the Class-Action Class who are not exempt by operation of California Labor Code 514 and the corresponding language in subsection 3 of the applicable Industrial Welfare Commission Orders.

35. During all relevant periods, Defendants, and each of them, suffered or permitted Plaintiff, members of the Representative Class and Class-Action Class Members to work in excess of eight (8) hours per day and to work in excess of forty (40) hours per week.

36. During all relevant periods, Defendants, and each of them, suffered or permitted Plaintiff, the members of the Representative Class and the members of the Class-Action Class to work up to twelve hours per day without a lunch or break period.

37. However, Defendants, and each of them, had and continue to have a systematic business policy of deducting thirty (30) minutes from the total time each Route and/or Delivery worked each day and refused to pay them for the thirty (30) minutes they were required to devote to work instead of a daily lunch period.

38. Since Defendants, and each of them, deduct the thirty (30) minutes from the total hours worked by each Route and/or Delivery Driver each day, Defendants, and each of them, have willfully failed and continue to fail to pay Plaintiff, members of the Representative Class and Class-Action Class Members, who are not exempt by operation of California Labor Code section 514 and the corresponding language in subsection 3 of the applicable Industrial Welfare Commission Orders, approximately 2.5 hours of overtime for each five day work week and approximately 3.0 hours of overtime for each six day work.

39. Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to pay Plaintiff and Class Members the pay they are owed.

40. In failing to compensate Plaintiff and the Class Members for the wages due and owing pursuant to California Labor Code section 510 as alleged herein, Defendants, and

1   each of them, acted maliciously, oppressively, despicably, with the wrongful intention of

2   causing injury and hardship to Plaintiff and the Class Members by reaping economic gain

3   at Plaintiff's and the Class' expense, in willful and conscious disregard of their statutory and

4   regulatory right to overtime compensation. Consequently, Plaintiff and the members of the

5   Class-Action Class are entitled to an award of exemplary damages to punish Defendants'

6   past conduct and to deter similar future conduct.

7       41.  Furthermore, Plaintiff and Class Members are entitled to the relief requested

8   below.

9                     **SECOND CAUSE OF ACTION**

10     **(Failure To Pay Wages Due And Owing. California Labor Code**
         **226.7, 512 And Subsections 11 And 12 of the applicable**
11               **Industrial Welfare Commission Orders.)**

12       42.  Plaintiff incorporates by reference the allegations contained in Paragraphs 1

13   through 41 of this Complaint as if fully set forth herein.

14       43. California Labor Code section 512 and subsection 11 of the applicable Industrial

15   Welfare Commission Orders provide in relevant part:

16      (a) An employer may not employ an employee for a work period of more than
     five (5) hours per day without providing the employee with a meal period of
17    not less than 30 minutes, ...

18      (b) An employer may not employ an employee for a work period of more than
     ten (10) hours per day without providing the employee with a second meal
19    period of not less than 30 minutes, ...

20      (c) Unless the employee is relieved of all duty during the 30 minute meal
     period, the meal period shall be considered an "on duty" meal period and
21    counted as time worked...

22      (d) if an employer fails to provide an employee a meal period in accordance
     with the applicable provision of this order, the employer shall pay the
23    employee one (1) hour of pay at the employee's regular rate of compensation
     for each workday that the meal period is not provided.
24

25      46. Subsection 12 of the applicable Industrial Welfare Commission Orders provides:

26      (a) Every employer shall authorize and permit all employees to take rest
     periods, which insofar as practicable shall be in the middle of each work
     period.  The authorized rest period time shall be based on the total hours
27    worked daily at the rate of ten (10) minutes net rest time per four (4) hours or
     major fraction thereof.

28

(b) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

44. It was and continues to be Defendants', and each of their, systematic business policy and practice to not allow Plaintiff, the members of the Representative Class, Class-Action Class Members the meal periods and rest periods as required by California law. In addition, it was and continues to be Defendants', and each of their, systematic business policy and practice not to compensate Plaintiff, members of the Representative Class or Class-Action Class Members with the pay due and owing as required by California Labor Code sections 226.7, 512 and subsections 11 and 12 of the applicable Industrial Welfare Commission Orders (i.e., one hour per day per lunch period and one hour per day for rest periods).

45. Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to compensate Plaintiff and Class Members with the pay they are owed pursuant to California Labor Code section s5226.7, 12 and subsections 11 and 12 of the applicable Industrial Welfare Commission Orders.

46. In failing to compensate Plaintiff and the Class Members the pay due and owing pursuant to Ca. Labor Code section 512 and subsections 11 and 12 of the applicable Industrial Welfare Commission Orders as alleged herein, Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiff and the Class Members by reaping economic gain at Plaintiff's and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to pay due and owing. Consequently, Plaintiff and the members of the Representative Class, and the Class-Action Class are entitled to an award of exemplary damages to punish Defendants' past conduct and to deter similar future conduct.

47. Furthermore, Plaintiff and Class Members are entitled to the relief requested below.

## THIRD CAUSE OF ACTION

### (Failure To Pay Minimum Wage As Required By

**Subsection 4 Of The Applicable Industrial
Welfare Commission Orders.)**

48. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49. Subsection 4 of the applicable Industrial Welfare Commission Orders provides in relevant part as follows:

> (a) Every employer shall pay to each employee wages not less than six dollars and twenty-five cents ($6.25) per hour for all hours worked, effective January 1, 2001, and not less than six dollars and seventy-five cents ($6.75) per hour for all hours worked, effective January 2002, ... (b) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

50. During all relevant periods, Defendants, and each of them, suffered or permitted Plaintiff, members of the Representative Class and Class-Action Class Members to work in excess of eight (8) hours per day and to work in excess of forty (40) hours per week.

51. During all relevant periods, Defendants, and each of them, required Plaintiff, members of the Representative Class and Class-Action Class Members to work up to fourteen hours per day without a lunch or break period.

52. However, Defendants, and each of them, had and continue to have a systematic business policy and practice of deducting thirty (30) minutes from the total time each Route and/or Delivery Driver worked each day and refuse to pay them for the thirty (30) minutes they were required to devote to work instead of a daily lunch period.

53. Since Defendants, and each of them, deduct the thirty (30) minutes from the total hours worked each day, Defendants, and each of them, have willfully failed and continue to fail to pay Plaintiff, members of the Representative Class and Class-Action Class Members minimum wage approximately for 2.5 hours for each five day work week and approximately 3.0 hours for each six day work.

54. It was and continues to be Defendants', and each of their, systematic business policy and practice to not pay minimum wage as required by California law and as alleged herein.

1    55.  Despite all of the available California law, Defendants and each of them,
2  willfully refused, and continue to refuse, to compensate Plaintiff and Class Members with
3  the pay they are owed pursuant to subsection 4 of the applicable Industrial Welfare
4  Commission Orders.

5    56.  In failing to compensate Plaintiff and the Class Members the pay due and owing
6  as alleged herein, Defendants, and each of them, acted maliciously, oppressively,
7  despicably, with the wrongful intention of causing injury and hardship to Plaintiff and the
8  Class Members by reaping economic gain at Plaintiff's and the Class' expense, in willful
9  and conscious disregard of their statutory and regulatory right to receive pay due and owing.
10  Consequently, Plaintiff, members of the Representative Class and Class-Action Class
11  Members are entitled to an award of exemplary damages to punish Defendants' past conduct
12  and to deter similar future conduct.

13    57.  Furthermore, Plaintiff and Class Members are entitled to the relief requested
14  below.

### FOURTH CAUSE OF ACTION

### (Violation of Business and Professions Code 17200 et seq.)

17    58.  Plaintiff incorporates by reference the allegations contained in paragraphs 1
18  through 57 of this Complaint as if fully set forth herein.

19    59.  Defendants, and each of them, have engaged and continue to engage in unfair
20  business practices in California by practicing, employing and utilizing the employment
21  policy of failing to pay Plaintiff, members of the Representative Class and Class-Action
22  Class Members employment compensation as required by the California law cited herein.
23  Defendants', and each of their, utilization of such unlawful and unfair business practices
24  constitutes unfair competition and provides an unfair advantage over Defendants'
25  competitors.

26    60.  Plaintiff seeks on his own behalf, on behalf of the Representative Class, and on
27  behalf of the general public, full restitution and disgorgement of all employment
28  compensation wrongfully withheld, as necessary and according to proof, to restore any and

1    all monies withheld, acquired and/or converted by the Defendants by means of the unfair

2    and unlawful practices complained of herein.  The restitution and disgorgement requested

3    includes all wages earned and unpaid, including interest thereon.  The acts complained of

4    herein occurred, at least in part, within the last four (4) years preceding the filing of the

5    Complaint in this action and continue to the present.

6        61.  Plaintiff is informed and believes and on that basis alleges that at all times herein

7    mentioned Defendants, and each of them, have engaged in unlawful, deceptive and unfair

8    business practices, as proscribed by California Business and Professions Code 17200 et seq.,

9    by depriving Plaintiff and the members of the Representative Class of the minimum working

10   condition standards due to them under the California Labor Code and Industrial Welfare

11   Commission wage orders as identified herein.  As a result of Defendants unlawful and

12   unfair business practices, Defendant has under paid its employer share of applicable payroll

13   taxes and contributions to benefit and retirement plans.

14       62.  Business and Professions Code 17200, et seq., prohibits acts of unfair

15   competition which shall mean and include any unlawful, unfair or fraudulent business act

16   or practice.  Under California law, wages unlawfully withheld from an employee constitutes

17   an unfair business act entitling Plaintiff and the members of the Representative Class to a

18   restitution remedy authorized by section 17203.  Plaintiff, the representative class, and the

19   general public are therefore entitled to the relief requested below.

## FIFTH CAUSE OF ACTION

### (Penalties Pursuant To California Labor Code section 203

23       63.  Plaintiff incorporates by reference the allegations contained in paragraphs 1

24   through 62 of this Complaint as if fully set forth herein.

25       64.  Plaintiff and Class Members identified herein were discharged by Defendants

26   or voluntarily quit.  The Defendants, in violation of California Labor Code sections 201 and

27   202, et seq., respectively, had a consistent and uniform policy, practice and procedure of

28   willfully failing to pay the earned and unpaid wages of all such former employees as

03/27/2008 13:42 FAX  5594430749    Wagner and Jones

1  described herein above according to amendment, or proof. Plaintiff and Class Members did
2  not secret or absent themselves from Defendants nor refuse to accept the earned and unpaid
3  wages from Defendants. Accordingly, Defendants are liable for waiting time penalties for
4  the unpaid wages pursuant to California Labor Code section 203 and 206.

5                              **PRAYER FOR RELIEF**

6      **WHEREFORE**, Plaintiff prays for judgment and relief as follows:

7          1. An Order certifying that the action may be maintained as a class action;

8          2. Compensatory and statutory damages, penalties and restitution, as appropriate and
9  available under each cause of action, in an amount to be proven at trial;

10         3. Exemplary and punitive damages, as appropriate and available under each cause
11 of action, pursuant to California Civil Code section 3294;

12         4. An Order imposing an asset freeze in constructive trust of Defendants, and each
13 of their, ill-gotten gains, and enjoining Defendants from failing and refusing to disgorge all
14 monies acquired by means of any act or practice declared by this Court to constitute
15 unlawful, unfair or fraudulent acts or practices;

16         5. That Defendants be ordered to show cause why it should not be enjoined and
17 ordered to comply the applicable California Industrial Welfare Commission wage orders
18 related to payment of employment compensation and record keeping for Defendants'
19 employees who are engaged in non-exempt work and work, without a meal or break period
20 and for more than 40 hours per week or 8 hours per day;

21         6. For a declaratory judgment and decree adjudging and decreeing that the Plaintiff
22 and the Class have regularly worked compensable overtime, meal periods and break periods
23 for which they have not been paid in violation of California Law;

24         7. For restitution to Plaintiff and other similarly affected members of the general
25 public (and disgorgement from Defendants) of all funds unlawfully acquired by Defendants
26 by means of any acts or practices declared by this Court to be violative of the California
27 Labor Code, Industrial Welfare Commission Orders, and California Business and
28 Professions Code 17200 et seq..

8.  For all monies converted by the Defendants with interest thereon;

9.  For any and all profits, whether direct or indirect, Defendants acquired by its conversion of the Plaintiff' and Class Members' wages;

10.  For minimum wages, overtime wages, and straight time wages as required by law and for wages due and owing for missed meal periods.

11.  For pre-judgment and post-judgment interest as allowed by California Labor Code sections 218.6 and 1194 and California Civil Code section 3287;

12.  For reasonable attorney's fees, expenses and costs as provided by California Labor Code section 218.5, and 1194, et seq.;

13.  Penalties, interests, attorney fees and costs pursuant to California Labor Code sections 203 and 1194;

14.  an order requiring AMERIPRIDE to show cause, if any they have, why they should not be enjoined from failing to pay its Delivery Drivers all wages due and owing under California law;

15.  for a permanent injunction, enjoining AMERIPRIDE, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with or for them from selling its products below costs;

16.  for a permanent injunction, enjoining AMERIPRIDE, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with or for them from failing to pay its employees all wages due and owing; for costs of suit herein incurred; and

17.  Such other and further relief as the Court deems just and proper.

DATED: ~~February~~ ____, 2008
                    *March 26, 2008*

                                        LAW OFFICES OF
                                        WAGNER & JONES

                                        By: _____
                                             Daniel Kopfman,  Attorney for Plaintiff

Obryant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

FILED
CIVIL BUSINESS OFFICE 8

08 JAN 15 PM 3: 44

CLERK OF THE COURT
SAN DIEGO COUNTY, CA

1  THOMAS TOSDAL, ESQ., STATE BAR NO. 067834
   FERN M. STEINER, ESQ., STATE BAR NO. 118588
2  ANGELA M. JAE, ESQ., STATE BAR NO. 248571
   TOSDAL, SMITH, STEINER & WAX
3  600 B Street, Suite 2100
   San Diego, CA 92101-4508
4  Telephone: (619) 239-7200
   Fax: (619) 239-6048
5
6  Attorneys for Plaintiffs

7

8              SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF SAN DIEGO

10                  CENTRAL DIVISION

11 LLOYD MARTIN, KIRK SWORD,           )   CASE NO. 37-2008-00075847-CU-OE-CTL
   DANIEL GORE, individually, and on   )
12 behalf of all other similarly situated current )
   and former employees of AMERIPRIDE )
13 SERVICES, INC.                      )
                                       )   COMPLAINT
14              Plaintiffs,            )
                                       )
15        v.                           )
                                       )
16 AMERIPRIDE SERVICES, INC., DOES     )
   1-5,                                )
17                                     )
                Defendants.            )
18 _____    )

19 Plaintiffs allege:

20                      PARTIES

21 1.     Plaintiff Lloyd Martin is a resident of the County of San Diego.  He is an employee of

22 Defendant AmeriPride Services, Inc. ("AmeriPride") and is employed within the class of all

23 AmeriPride Customer Service Representatives. Martin has suffered loss of compensation as a result

24 of AmeriPride's violations of the Labor Code and Wage Orders as alleged in this complaint.

25 2.     Plaintiff Kirk Sword is a resident of the County of Riverside.  He is an employee of

26 AmeriPride and is employed within the class of all AmeriPride Customer Service Representatives.

27 Sword has suffered loss of compensation as a result of AmeriPride's violations of the Labor Code

28 and Wage Orders as alleged in this complaint.

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1

3.     Plaintiff Daniel Gore is a resident of the County of San Diego. Dan Gore was an employee of AmeriPride. While working at AmeriPride, Gore was employed as a Customer Service Representative and is within the class of all AmeriPride Customer Service Representatives. Gore has suffered loss of compensation as a result of AmeriPride's violations of the Labor Code and Wage Orders as alleged in this complaint.

4.     Defendant AmeriPride is a Minnesota corporation which has four major centers operating in the State of California. AmeriPride also has numerous "depot" locations operating throughout California, including San Diego, which is within the Central Division of the San Diego Superior Court. AmeriPride is engaged in the business of supplying for hire, clean, laundered towels, linens, wearing apparel and other items, which business is commonly known as the "linen supply" business.

5.     The identities of DOES 1-5 are presently unknown to Plaintiff, who sues them under fictitious names. DOES 1-5 are in some way legally responsible for the harm alleged in this complaint.

## VENUE

6.     Venue is proper in the San Diego Superior Court, Central Division, because Defendant AmeriPride's obligation and liability to the named Plaintiffs arose in San Diego, CA. Additionally, AmeriPride owns and operates one of its many depot locations in San Diego, CA.

## CLASS ALLEGATIONS

### The Class

7.     Pursuant to C.C.P. §382 and Bus. & Prof. Code §17203, Plaintiffs bring this action on behalf of themselves and on behalf of all persons employed as Customer Service Representatives by AmeriPride in the State of California who were employed by AmeriPride at some time between the present and four years before the filing of this complaint. This class will be separated into four subclasses according to proof:

(1)     For overtime violations while introductory employees;

(2)     For overtime violations while full-time regular employees;

(3)     For meal period violations while introductory and full-time regular employees; and

(4)     For rest period violations while introductory and full-time regular employees.

TOSDAL, SMITH, STEINER
& WAX
660 B Street, Suite 2100
San Diego, CA. 92101-4808
Telephone (619) 239-7200
Facsimile (619) 239-6048

2

### Adequacy of Representation

8.    Named Plaintiffs can adequately represent the class. The attorneys for Plaintiffs are experienced and capable in litigation in the field of labor and employment and have successfully represented claimants in other litigation of this nature.

### Typicality

9.    Named Plaintiffs and members of the class have a well defined community of interest with regard to the common questions of fact and law involved in this case. All Plaintiffs and members of the class are and/or were at times material employed by AmeriPride as Customer Service Representatives in the State of California at some time between the present and four years before the filing of this complaint. All members of the class are and were subject to the violations of the Labor Code and Wage Orders which are alleged in this complaint. As a result of those violations, Named Plaintiffs and all members of the class have suffered harm by way of denial of rights and compensation under the Labor Code and the Wage Orders. The claims of Named Plaintiffs are typical of the members of the class.

### Class Size

10.    Named Plaintiffs are informed and believe that during the past four years AmeriPride employed as Customer Service Representatives in the State of California at any one time approximately 400 persons in the class. During the past four years, there has been employee turnover in the class, so the total number of persons who comprise the class far exceeds 500 persons, but the exact number of class members is presently unknown to Named Plaintiffs. The common questions of fact and law which predominate affect persons so numerous it is impracticable to name them individually as parties.

### Predominant Questions of Fact and Law

11.    Common questions of fact and law predominate. Those questions include:

(1) Whether Wage Order No. 6 (8 Cal. Code of Regs. 11060, Laundry, Linen Supply, Dry Cleaning and Dyeing Industry Wage Order) or Wage Order No. 9 (8 Cal. Code of Regs. 11090, Transportation Industry Wage Order) applies to Plaintiffs and the members of the Class;

(2) Whether AmeriPride violated Labor Code §510(a) and 8 Cal. Code Regs. §§11060

FOSDAL, SMITH, STEINER
& WAX
600 D Street, Suite 2100
San Diego, CA 92101-4566
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1   sub.3(A), and/or 1190 sub.3(A) ("the Wage Orders") by failing to pay Plaintiffs and the members

2   of the class overtime pay for every hour worked in excess of 8 hours per day or 40 hours per week

3   while employed as an "introductory" employee;

4       (3)  Whether AmeriPride violated Labor Code §510(a) and 8 Cal. Code Regs. §§11060

5   sub.3(A), and/or 1190 sub.3(A) ("the Wage Orders") by failing to pay Plaintiffs and the members

6   of the class overtime pay for every hour worked in excess of 8 hours per day or 40 hours per week

7   while employed as a "regular full-time" employee;

8       (4)  Whether AmeriPride violated Labor Code §§ 226.7(a) and 512(a) and 8 Cal. Code Regs.

9   §§11060 sub.11(A), and/or 11090 sub.11(A) ("the Wage Orders") by requiring the Named Plaintiffs

10  and class members to work in excess of five hours per day without providing them with a meal

11  period of not less than 30 minutes;

12      (5)  Whether AmeriPride violated Labor Code §226.7(a) and 8 Cal. Code Regs. §§11060

13  sub.12(A), and/or 11090 sub.12(A) ("the Wage Orders") by failing to provide Plaintiffs and the

14  members of the class a ten minute rest period every four hours of work or a fraction thereof; and

15      (6)  Whether the factual conditions exist of probable future violations by AmeriPride of

16  California's overtime, meal and/or rest period laws such that an injunction prohibiting AmeriPride

17  in the future from violating California's laws regarding overtime, meal and/or rest periods should

18  issue.

19                      **FIRST CAUSE OF ACTION**
                        **(Labor Code §§510(a) and 1194(a)**
20                  **re: Overtime for Introductory Employees)**

21  12.    Beginning on a date uncertain but at least four years before the filing of this complaint

22  and continuing to the present AmeriPride and Does 1-5 violated Labor Code §510(a) and 8 Cal.

23  Code of Regs §§11060 sub.3(A) and/or 11090 sub.3(A) and related orders, by requiring Named

24  Plaintiffs and the members of the class while employed in the capacity as "introductory

25  employee" Customer Service Representatives to work in excess of 8 hours per work day or 40

26  hours per work week without paying overtime compensation.

27  13.    As a result of these violations, Named Plaintiffs and the class members have suffered loss

28  of compensation in an amount according to proof.

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

## SECOND CAUSE OF ACTION
### (Labor Code §§510 and 1194(a)
### re: Overtime for Regular Full-Time Employees)

14.    Beginning on a date uncertain but at least four years before the filing of this complaint and continuing to the present AmeriPride and Does 1-5 violated Labor Code §510(a) and 8 Cal. Code of Regs §§11060 sub.3(A) and/or 11090 sub.3(A) and related orders, by requiring Named Plaintiffs and the members of the class while employed in the capacity as "regular full-time employee" Customer Service Representatives to work in excess of 8 hours per work day or 40 hours per work week without paying overtime compensation.

15.    As a result of these violations, Named Plaintiffs and the class members have suffered loss of compensation in an amount according to proof.

## THIRD CAUSE OF ACTION
### (Labor Code §§512(a) and 226.7(a) re: Meal Periods)

16.    Beginning on a date uncertain but at least four years before the filing of this complaint and continuing to the present AmeriPride and Does 1-5 violated Labor Code §§226.7(a) and 512(a), and 8 Cal. Code of Regs. §§11060 sub.11(A), and 11090 sub. 11(A) and related orders, by requiring Named Plaintiffs and the members of the class to work in excess of five hours per day without receiving a meal period of not less than 30 minutes.

17.    As a result of these violations, Named Plaintiffs and the class members have suffered loss of compensation in an amount according to proof.

## FOURTH CAUSE OF ACTION
### (Labor Code §§226.7(a) re: Rest Periods)

18.    Beginning on a date uncertain but at least four years before the filing of this complaint and continuing to the present AmeriPride and Does 1-5 violated Labor Code §226.7(a) and 8 Cal. Code of Regs. §§11060 sub.12(A), and 11090 sub. 12(A) and related orders, by not providing Named Plaintiffs and the members of the class with a rest period of ten minutes every four hours of work or a major fraction thereof.

19.    As a result of these violations, Named Plaintiffs and the class members have suffered loss of compensation in an amount according to proof.

////

TOSDAL, SMITH, STEINER
& WAX
609 D Street, Suite 2106
San Diego, CA 92101-4503
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

## FIFTH CAUSE OF ACTION
### (Bus. & Prof. Code §17200)

20.    The unlawful acts of AmeriPride which are alleged in paragraphs 12, 14, 16 and 18 of this complaint constitute acts and practices of unfair competition within the meaning of Bus. & Prof. Code §17200.

21.    These unlawful and unfair acts and practices present a continuing threat to members of the general public because it is likely that unless enjoined AmeriPride will continue to fail to provide its employees with overtime pay, meal periods and/or rest periods as required by law.

22.    As a direct result of these unfair acts and practices, Named Plaintiff and the class members have lost compensation, in an amount according to proof, and restitution to them of their lost compensation by AmeriPride must be made under Bus. & Prof. Code §17203.

### REQUEST FOR JUDGMENT

Plaintiffs request judgment against AmeriPride as follows:

1.    For compensation at a rate of one and one-half times the regular rate of pay for every hour worked in excess of 8 hours per day or 40 hours per work week for every Named Plaintiff and each member of the class in accordance with Labor Code §510(a) and 8 Cal. Code Regs. §§11060 sub.3(A) and 11090 sub.3(A).

2.    For compensation of one hour's pay for each and every violation of the meal and rest period law for every Named Plaintiff and each member of the class in accordance with Labor Code §226.7(b) and 8 Cal. Code Regs. §§11060 sub.11(D), 12(B) and/or 11090 sub.11(D), 12(B);

3.    For interest pursuant to Labor Code §§218.6, 1193.6(a), 1194(a), Civ. Code §3287 and Code of Civ. Proc. §384(b);

4.    For liquidated damages pursuant to Labor Code §1194.2 and 8 Cal. Code Regs. §13656;

5.    For restitution under Bus. & Prof. Code §17203;

6.    For a preliminary and permanent injunction under Bus.& Prof. Code §17203 and the equitable powers of the Court enjoining Defendants and all persons acting in concert with them from not providing overtime pay, meal periods and/or paid rest periods to Plaintiffs as required

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1  by law;

2  7.    For reasonable attorney's fees;

3  8.    For costs of suit;

4  9.    For such other and further relief as the Court deems just and proper.

5

6  Dated: _1/14/08_                        TOSDAL, SMITH, STEINER & WAX

7

8                                          FERN M. STEINER
                                           Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048