1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9        SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  LLOYD MARTIN, et al., individually and on behalf of others similarly situation, ) | **CASE NO.  08-CV-0440MMA (JMA)** **CLASS ACTION [L.R.23.1(a)]** |
| 12  and, ) | **[California Superior Court Case Nos.** |
| 13  GRADY O'BRYANT, et al., individually and on behalf of others similarly situated, ) | **37-2008-00075847-CU-OE-CTL** **Filed 01/15/08, San Diego** |
| 15  Plaintiffs, ) | **34-2008-0007019-CU-OIE-GDS** **Filed 03/27/08, Sacramento]** |
| 16  v. ) | **ORDER GRANTING JOINT MOTION** **FOR PROTECTIVE ORDER** |
| 17  AMERIPRIDE SERVICES, INC., DOES 1-50, inclusive ) | |
| 18 Defendants. ) | |
| 19 ) | |

20        The parties believe that a protective order is necessary in this case because it is anticipated

21  that confidential, private and proprietary information may be exchanged or disclosed during

22  discovery.  The parties desire to protect such proprietary, private and confidential information from

23  improper use by the parties, from competitors in the industry and from disclosure to third parties.

24  Accordingly, the parties have filed a Joint Motion for Entry of Protective Order.  The Court hereby

25  grants the parties' Joint Motion with certain modifications.  The terms of the Protective Order are set

26  forth below.

27        1.        The parties may designate any material (including writings, recordings and

28  photographs as defined in Fed. R. Civ. P. 34) alleged by them in good faith to constitute or contain

confidential, proprietary and/or private information as subject to this Protective Order by stamping on or otherwise permanently affixing to such material prior to its production the designation "CONFIDENTIAL."  "CONFIDENTIAL" information, as used herein, means personal employee information, financial or business information, operations' processes, customer information and customer lists, trade secrets or know how, without regard as to whether any of such "CONFIDENTIAL" information may be deemed confidential or material to any third party.

2.     In addition to designating documents and other information confidential, the parties may also designate oral disclosures (in addition to deposition testimony) "CONFIDENTIAL" through confirmation in writing within ten (10) days of the oral disclosure.  The Parties agree to act reasonably with regard to designating material as "CONFIDENTIAL" and to use good faith efforts to resolve disputes regarding such designations and other issues concerning the Protective Order. Counsel for the parties further agree that pursuant to their roles as officers of the Court they will designate only such material as "CONFIDENTIAL" as is reasonably required in their good judgment.

3.     Access to all originals, copies or compilations of material or information designated "CONFIDENTIAL" under this Protective Order and the contents thereof shall be limited to the persons designated under paragraph 9 herein.

4.     It is acknowledged and anticipated that any site inspections or other access to operations' processes be designated "CONFIDENTIAL."  All information derived from these visits or access shall not forfeit its designation if such information is compiled, transferred in form, analyzed by counsel, an expert or a designated corporate representative.

5.     Access to all originals, copies or compilations of material or information designated "CONFIDENTIAL" under this Protective Order and the contents thereof shall be limited to the persons designated under paragraph 9 herein.

6.     Should the parties, counsel for the parties, or any person or entity not a party to this action who obtains access to all or any material or information designated "CONFIDENTIAL" under this Protective Order, make summaries of or from such "CONFIDENTIAL" information, or any portion thereof, the designation "CONFIDENTIAL" as appropriate, shall also be stamped on or

affixed to such information or summaries, and the references of this Protective Order to "CONFIDENTIAL" material shall be deemed to include and to apply to such summaries, and to all information derived from "CONFIDENTIAL" information.

7.      "CONFIDENTIAL" information shall be subject to this Protective Order until and unless the above-entitled Court shall order otherwise or the parties agree otherwise by joint motion. The parties and all persons bound by this Protective Order agree that they will not make any use of any "CONFIDENTIAL" material or the contents of any "CONFIDENTIAL" information except for the purposes of prosecuting or defending this litigation and for settlement or alternative dispute resolution purposes.

8.      "CONFIDENTIAL" information shall not be used for any purpose or disclosed by any person granted access thereto, except insofar as and to the extent that such use or disclosure complies fully with all provisions of this Protective Order.

9.      Except as is otherwise provided herein, access to and/or disclosure of all or any part of "CONFIDENTIAL" designated material or the contents of "CONFIDENTIAL" designated material shall be permitted only to the following persons and subject to the following conditions:

(a)      To the named parties to this action.

(b)      To the Court and its personnel.

(c)      To deponents who are not named parties to this action.

(d)      To counsel retained by the parties and to such counsel's regular employees assigned to and necessary to assist counsel in preparing for trial. Upon execution of this Protective Order by counsel, all employees of counsel, in-house counsel and the party representatives to whom such access is permitted and/or disclosure is made, shall become subject to the provisions of this Protective Order. Prior to granting access to "CONFIDENTIAL" material, employees of the parties' counsel and the party representatives shall be advised of the provisions of this Protective Order and must agree to be bound by the Protective Order.

(e)      To persons retained by the parties or by the parties' counsel as expert witnesses or expert consultants ("expert(s)") to assist the parties' counsel in the

preparation for that portion of the trial of this action relating to the "CONFIDENTIAL" material to be disclosed.  Experts shall not be employed by or affiliated with a competitor of any party.  "Competitor" is defined as a person or entity engaged in the distribution and/or delivery of textiles or linen products.

(f)     Any person to whom disclosure of "CONFIDENTIAL" material is allowed under this paragraph shall, prior to receiving such material, be given a copy of this Protective Order and shall agree, in writing, to be bound by its terms by execution of the form attached hereto as Exhibit "A."  Each party's counsel shall retain the original of each such executed form.

(g)     Each party's counsel shall be responsible for ensuring that any undisclosed litigation consultant hired by counsel agrees, in writing, to be bound by the terms of this Protective Order by execution of the form attached hereto as Exhibit "A," and that such consultant, if afforded "CONFIDENTIAL" information, is not a competitor of any other party to this action.  The retention of litigation consultants shall not be required to be disclosed to opposing counsel however, each counsel shall certify that any undisclosed litigation consultants are not competitors and counsel shall also retain copies of Exhibit "A" executed by all litigation consultants.

(h)     All persons granted access to any "CONFIDENTIAL" material or the contents of any "CONFIDENTIAL" material covered by this Protective Order hereby agree to be subject to the restrictions imposed by this Protective Order and to submit to the personal jurisdiction of the above-entitled Court for the limited purpose of securing compliance with the terms of this Protective Order.

10.     Except as permitted by paragraph 9 above, the parties, their counsel, experts and other persons designated under paragraph 9 who receive "CONFIDENTIAL" material or any information derived therefrom shall not permit access to or make disclosure of "CONFIDENTIAL" material to anyone unless the provisions of this Protective Order are met (the "Disclosure Limitation").

The respective parties may each designate experts and retain consultants in

connection with the subject matter of this action, for sole use in this litigation who may receive "CONFIDENTIAL" material, provided: 1) prior to receiving any "CONFIDENTIAL" information, such experts shall execute the form annexed hereto as Exhibit A; 2) such experts agree not to use any "CONFIDENTIAL" information for a commercial or competitive purpose; and 3) such experts shall not discuss or otherwise disclose any "CONFIDENTIAL" material or the contents thereof with anyone but the persons set forth in paragraph 9 herein, as applicable.  The retention of experts shall not be required to be disclosed to opposing counsel except as required by Federal Rules of Civil Procedure, however, each counsel shall also retain copies of Exhibit "A" executed by all experts.

11.   Any party may designate deposition testimony or any portion thereof, of the parties and non-party witnesses, and exhibits to such depositions as, "CONFIDENTIAL" while the deposition is taken.  Said deposition shall remain designated as "CONFIDENTIAL" for 10 days after the deposition transcript is delivered.  Within the 10-day period, any party may designate any portion of the deposition transcript and/or exhibits to the deposition as "CONFIDENTIAL."  During the deposition any party may also designate certain portions of the testimony "CONFIDENTIAL." Every party that has a copy of the deposition transcript and/or exhibits shall mark the portion of the deposition transcript and/or exhibits designated as "CONFIDENTIAL" with a label stating the same, as appropriate, and such portion of the deposition transcript and/or exhibits shall be treated as "CONFIDENTIAL" as appropriate, pursuant to the Protective Order.  This Protective Order does not preclude presenting the original of the transcript in its entirety to the deponent for review, correction and signing, nor does it preclude delivery by the reporter of copies of deposition transcripts containing and/or annexing "CONFIDENTIAL" material, in its entirety and marked with the designation "CONFIDENTIAL," to counsel for the parties to this Protective Order, which transcripts shall then be maintained by such counsel in accordance with the provisions of this Protective Order. This Protective Order does preclude use of "CONFIDENTIAL" material to prepare any witnesses not allowed access in paragraphs 9.

5

12.    Any party may make a good faith request that no one be present for a portion of a deposition in which trial counsel reasonably anticipates that "CONFIDENTIAL" information will be disclosed or discussed except the deponent, counsel, officers of the Court, including the reporter, and other persons otherwise permitted access to such material under paragraphs 9 of this Protective Order, who have agreed in writing, or under oath in deposition, to be bound by this Protective Order. Counsel shall make appropriate arrangements to ensure that only such persons are present during such portion of a deposition.  Failure to make such a good faith request shall not be deemed a waiver by any party to designate any portion of the deposition transcript or exhibits as "CONFIDENTIAL."

13.    Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.  If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information, if any, shall be filed and made part of the public record.  The item may be redacted to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.

14.    If any party desires at trial or at a hearing to offer into evidence "CONFIDENTIAL" information, or to use "CONFIDENTIAL" material in such a way as to reveal its nature or contents, such offers or use shall be made only after adequate notice to opposing counsel and upon the taking of all steps reasonably available to preserve the confidentiality of such "CONFIDENTIAL" material, which may include the offering of such "CONFIDENTIAL" material outside the presence of persons other than Court personnel and counsel.

15.    Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, or shall destroy same at the option of the receiving party.

6

16.     No later than sixty (60) days after the final termination of this action, whether by final judgment, or settlement each party shall request that the clerk of the Court return all "CONFIDENTIAL" material filed under sealed by that party pursuant to this Protective Order.

17.     The designation of documents or information as "CONFIDENTIAL" under this Protective Order shall not restrict use of duplicates or copies of the specific information, documents or knowledge acquired independently from this litigation, to the extent that the information was publicly available, acquired legally and not misappropriated from a party to the litigation.  However, in the event of a dispute regarding such independent acquisition, the acquiring party shall bear the burden of proof to show that the party's acquisition of the material was independent.

18.     Notwithstanding any other provision contained herein, this Protective Order is without prejudice to the rights of any party to move the Court for an Order for protection of confidential material or information sought by or produced through discovery, which protection is different from or in addition to that provided for herein, and such right is hereby expressly reserved.  Similarly, the parties expressly reserve the right at any time to request the Court to authorize disclosure of materials or to seek modification of this Protective Order in the interests of justice.

19.     The inadvertent or unintentional production or disclosure of "CONFIDENTIAL" material, regardless of whether or not the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.  The Producing Party shall have 60 days from the date of disclosure to designate material produced as "CONFIDENTIAL." With regard to documents or other material produced prior to the entry of this Protective Order, the parties shall have 60 days from the entry of this Order to designate such material "CONFIDENTIAL."

20.     Nothing herein shall prejudice the right of any party to challenge the propriety of any party's designation, and in no way is an admission that any documents are, or have been, properly designated as "CONFIDENTIAL."

21.     If a party objects to the designation of materials as CONFIDENTIAL, the party shall notify the designating party, in writing, of the objected-to materials and the grounds for the

7

objection.  If the dispute is not resolved consensually between the parties within seven business days of receipt of such a notice, the objecting party may request appropriate relief from the Court.  The materials at issue shall be treated as CONFIDENTIAL until the Court has ruled on the objection or the matter has been otherwise resolved.


IT IS SO ORDERED.



DATED: June 25, 2009                              _____

HONORABLE JAN M. ADLER

1
2
3
4
5
6

**EXHIBIT A**

7
I, _____, declare and state as follows:

8
1.      I have read and been provided with a copy of the Joint Motion For Entry of Protective

9
Order ("Protective Order") and I understand the requirements of the Protective Order, the parties

10
who are allowed access to certain documents, and I agree to be bound by its terms.

11
2.      I understand that the documents which are disclosed or provided to me pursuant to the

12
Protective Order are confidential, and I further understand and agree that I may not use such

13
documents for any purpose other than the preparation of trial of the above-captioned litigation, and

14
that I may not divulge any copies or the identity or substance of any of the documents disclosed to

15
me except in the preparation and trial of this case.

16
3.      I further understand and agree that I must return all documents disclosed pursuant to

17
this Protective Order and all copies thereof to counsel for the providing party upon the termination of

18
this litigation.

19
4.      I further acknowledge and agree that by signing this declaration, I submit myself

20
personally to the jurisdiction of the above-captioned Court for the purposes of enforcement of the

21
Protective Order, in connection with the allegations of improper disclosure or use, if any, of the

22
disclosed materials.

23
DATED: _____          _____

24
25
26
27
28

08-CV-0440MMA (JMA)
ORDER GRANTING JOINT MOTION FOR ENTRY
OF STIPULATED PROTECTIVE ORDER