**LAW OFFICES OF**
**WAGNER & JONES LLP**
Nicholas J.P. Wagner, SBN 109455
Andrew B. Jones, SBN 076915
Daniel M. Kopfman, SBN 192191
Laurence M. Artenian, SBN 103367
1111 E. Herndon, Ste. 317
Fresno, CA 93720
559/449-1800
559/449-0749 Fax

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, California 92101-7911
619/239-7200
619/239-6048 (fax)
Thomas Tosdal, SBN 109455
Fern M. Steiner, SBN 118588
Jon Vanderpool, SBN 131311

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD MARTIN, et al., individually and on behalf of others similarly situated,<br><br>and,<br><br>GRADY O'BRYANT, et al., individually and on behalf of others similarly situated<br><br>Plaintiffs,<br>vs.<br><br>AMERIPRIDE SERVICES, INC., DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 08-CV-0440 MMA (JMA)<br>CLASS ACTION<br><br>[California Superior Court Case No.s<br><br>37-2008-00075847-CU-OE-CTL<br>Filed 01/15/08 San Diego<br>34-3008-00007019-CU-EOI-GDS<br>Filed 03/27/08, Sacramento<br><br>**DECLARATION OF DANIEL KOPFMAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF STIPULATION FOR SETTLEMENT OF CLASS ACTION; APPROVAL OF ATTORNEYS' FEES; AND APPROVAL OF CLASS REPRESENTATIVE ENHANCEMENTS**<br><br>**DATE: April 25, 2011**<br>**TIME: 2:30 p.m.**<br>**CRTRM: Five (5)**<br>**JUDGE: Hon. Michael M. Anello** |

I, Daniel Kopfman, declare as follows:

1. I am an attorney at law licensed to practice in all courts of the State of California and a member of The Law Offices of Wagner & Jones LLP.

2. I have personal knowledge of the facts alleged herein and if called upon as a witness can competently testify thereto. I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Stipulation for Settlement of Class Action.

**I. QUALIFICATION OF COUNSEL.**

3. I graduated from San Joaquin College of Law on May 19, 1997, and was admitted to the State Bar of California on December 8, 1997. I have worked with The Law Offices of Wagner & Jones LLP since March, 1996. I have devoted my entire legal career representing plaintiffs in employment, wage and hour, and personal injury cases.

4. Mr. Jones graduated from Pepperdine School of Law in May, 1997 and was admitted to the State Bar of California on December 21, 1977. Mr. Jones has continuously practiced law in civil trial litigation, emphasizing personal injury work until January, 1996 when he joined the Wagner & Jones partnership. Mr. Jones has tried over 40 cases before a jury and is AV rated by Martindale Hubbell. Mr. Jones has lectured regarding Wage and Hour Class Actions and on employment law issues at both statewide and national seminars in front of the National Employment Lawyers Association (NELA), the California Employment Lawyers Association (CELA), and Consumer Attorneys of California (CAOC).

5. Mr. Wagner graduated from University of Notre Dame Law School in May, 1983 and was admitted to the State Bar of California in December, 1983. Mr. Wagner is the Senior Partner in The Law Offices of Wagner & Jones LLP and has continuously practiced law from the date of his admission to the present in civil trial litigation. Mr. Wagner has lectured on employment law issues, given seminars to human resource managers, have testified on employment law issues before the California State Assembly and argued employment law issues before the California Supreme Court.

6. The Law Offices of Wagner & Jones LLP is currently attorney of record, and has been named Class Counsel in numerous wage and hour class action cases.

**II. PROCEDURAL BACKGROUND.**

7. On January 15, 2008, Plaintiffs Martin, Sword and Gore, filed a wage and hour class action lawsuit in San Diego County Superior Court. AmeriPride Services, Inc. (AmeriPride or Defendant) answered the Martin Complaint and simultaneously removed the action to the United States District Court for the Southern District of California pursuant to the Class Action Fairness Act.

8. On March 17, 2008, Plaintiff Grady O'Bryant filed a wage and hour class action lawsuit in Sacramento County Superior Court. AmeriPride answered the O'Bryant Complaint and simultaneously removed the action to the United States District Court for the Eastern District of California pursuant to the Class Action Fairness Act.

9. On May 28, 2008, the United States District Court for

the Eastern District of California transferred the O'Bryant action to the Southern District of California.

10. On June 23, 2008, the United States District Court for the Southern District of California ordered that the Martin and O'Bryant actions be consolidated. A consolidated Complaint was filed in December, 2008, by the original four Plaintiffs. Jorge Mejia, Paul Luna, and Kye Jacoby, were added to the consolidated Complaint as additional Plaintiffs.

11. A Consolidated First Amended Complaint was filed in July of 2009 adding as a Plaintiff, Rigo Martinez.

12. By way of Plaintiffs Consolidated First Amended Complaint, Plaintiffs sought compensation for overtime wages, failure to provide meal and rest periods, and unfair and unlawful business practices. The Plaintiffs' causes of action are based upon California law.

13. The Plaintiffs all worked as Customer Service Representatives (CSRs) for AmeriPride delivering clean laundry and other products to customers. Plaintiffs also picked up dirty laundry to be cleaned at AmeriPride facilities. AmeriPride assigned Plaintiffs to service routes consisting of various customers. Plaintiffs serviced the customers on the assigned routs periodically; typically weekly.

14. The litigation was initiated and pursued by Plaintiffs on a class wide basis because, despite working more than eight hours per day and more than forty hours per week, Defendant did not pay its CSRs overtime wages as required by California law or provide them with off-duty meal and rest periods.

15. On January 4, 2011, the Hon. Michael M. Anello issued

an Order granting Plaintiffs' unopposed Motion for Preliminary Approval.

16. Rosenthal & Company mailed the Court approved notice to 325 Class Members on February 1, 2011. To date, no Class Member filed any objection to the terms of the Settlement or opted out of participating in the Settlement.

**III. INVESTIGATION.**

17. The Plaintiffs have engaged in extensive formal and informal discovery and investigation. The Law Offices of Wagner & Jones LLP has reviewed its file and identified the formal discovery engaged in by the parties during the litigation. I have attached a list of the formal discovery conducted by the Parties as Exhibit "2" to my declaration filed in support of Plaintiffs' Motion for Preliminary Approval.

18. During the litigation, Defendant provided Plaintiffs with a list of Putative Class Members subject to a Protective Order. As part of our investigation, I directed and/or participated in approximately 106 interviews of Putative Class Members. During the notice period, the Law Offices of Wagner & Jones, LLP, has responded to additional inquires by Class Members.

**IV. RULE 23(a) REQUIREMENTS.**

A. Numerosity

19. The class list produced by Defendant during discovery contains the contact information for 331 CSRs. Additionally, on or about August 7, 2009, Defendant responded to Plaintiffs' Special Interrogatory No. 6 identifying 313 CSR's employed by Defendant throughout the state of California during the covered

period.

B. Commonality

20. In this litigation, the Plaintiffs and Putative Class Members seek identical remedies for Defendants policies and practices that allegedly resulted in the failure to pay overtime wages for each overtime hour worked; failure to provide meal and rest periods; and for the unfair and unlawful business practices alleged in the First Amended Consolidated Complaint.

C. Typicality

21. Both the Plaintiffs and the Putative Class Members have suffered from the same allegedly wrongful conduct by the Defendant.

22. Plaintiffs contend that CSRs employed by Defendant are non-exempt employees entitled to overtime pay equal to one and one-half times their regular rate of pay for each overtime hour worked.

23. Plaintiffs also contend that the Defendant did not provide CSRs with off-duty meal and rest periods.

24. By way of Plaintiffs Amended Consolidated Complaint, Plaintiffs seek damages under identical legal theories for themselves and all other California based CSRs based upon the same course of conduct by Defendant.

D. Adequacy of Representation

25. The Law Offices of Tosdal, Smith, Steiner & Wax and The Law Offices of Wagner & Jones LLP both have extensive experience representing employees in employment litigation including wage and hour class actions. Plaintiffs' Counsel is competent and qualified.

26. I know of no conflicts of interests between the Plaintiffs Counsel and the Putative Class Members.

27. I know of no conflicts of interest between the Plaintiffs named in this lawsuit and the class they seek to represent. In my opinion, the Plaintiffs have engaged in sufficient and extensive formal and informal discovery to adequately evaluate the strengths and weaknesses of their claims.

28. The Plaintiffs named in this lawsuit have invested significant time and efforts on behalf of the Putative Class Members reviewing pleadings, engaging in written discovery, attending depositions, providing information to and discussing the case with Counsel, assisting in investigation with Class Members, and accepting the risks associated with the potential of failing to succeed in the litigation.

29. The Plaintiffs are aware of their duties to represent the interest of the class and have fulfilled those duties efficiently and effectively by obtaining a fair and reasonable result.

**V. RULE 23(b)(3) REQUIREMENTS.**

A. Predominance

30. The Plaintiffs' claims arise from the Defendant's alleged failure to pay overtime wages to California based CSRs for each overtime hour worked.

31. Discovery revealed that the Defendant paid CSRs a commission equal to percentage of their route volume when that amount was greater than an hourly rate plus overtime. Defendant's response to Plaintiffs' Special Interrogatory, Set

Two, No. 4. Plaintiffs Counsel is informed and believes that AmeriPride became compliant with California Labor Code 510 as a result of and during the pendency of this action.

32. Plaintiffs also contend that the Defendant did not provide off-duty meal periods to its California based CSRs. Plaintiffs allege that pursuant to company policy, Class Members are required to clock in each morning at the beginning of their shift and out each afternoon at the end of the work day. Defendant automatically deducts thirty (30) minutes to one hour of time from the daily hours worked by each CSR.

B. Superiority

33. The potential individual damages in this case may be insufficient to attract competent counsel. Additionally, Class Members may not know their rights or fear retaliation for asserting individual claims. Pursuing individual claims would likely prove uneconomic for Class Members if claims are not adjudicated in one action.

34. Even if the value of the individual claims were sufficient enough to generate individual representation, the filing of more than 300 wage and hour lawsuits in various courts throughout California would be inefficient, would very likely result in inconsistent adjudications, and would unnecessarily burden the judiciary.

**VI. THE TERMS OF THE STIPULATION FOR SETTLEMENT OF CLASS ACTION ARE FAIR, ADEQUATE, AND REASONABLE.**

35. On November 6, 2009, the Parties and their Counsel attended one full day mediation in San Diego, California. The mediation was conducted by well respected and highly qualified

JAMS mediator, Michael Loeb.

36. Although the parties did not reach a settlement at the mediation, the parties continued arms-length negotiations through Mr. Loeb for several more weeks. Eventually, the mediation and subsequent negotiations resulted in an oral agreement on a non-claims made common fund settlement in the amount of $5,250,000.00 plus the employer's share of payroll taxes.

38. Pursuant to the Stipulation for Settlement and upon final approval, the $5,250,000.00 common fund will be allocated among settlement payments to participating class members, enhancement/incentive awards to named Plaintiffs as awarded by the Court, all costs of settlement administration, attorney fees and litigation costs as awarded by the Court. (See the definition of the term "Common Fund" at p. 3:12-19 of the Stipulation.)

39. The Class is defined as: "Any individual who was employed as Customer Service Representative (including introductory and/or probationary Customer Service Representatives) in California for AmeriPride during the Class Period (January 15, 2004 through December 31, 2009)." (See Order granting Preliminary Approval and Stipulation for Settlement at p. 2:16-23.)

40. I am of the opinion that the Plaintiffs' overtime cause of action has significant merit. The Plaintiffs contend that the Defendant failed to pay Plaintiffs and the Class overtime wages as required by California Labor Code 510 and/or failed to pay overtime wages at the Class Members' "regular rate

of pay."

41. However, during the litigation, Defendant asserted numerous defenses to the Plaintiffs' overtime cause of action, including California Labor Code 514, the California Motor Carrier Act, Preemption, and the outside sales exemption.

42. These defenses present a potential serious threat and creates uncertainty as to the likelihood of success.

43. I am also of the opinion that the Plaintiffs' meal period cause of action has significant merit. Plaintiffs contend that the Defendant required the Class to work long hours delivering clean laundry to and picking up dirty laundry from Defendant's customers. As a result of their work load, Class Members could not take a thirty (30) minute off-duty meal period. Even if a Class Member was able to stop his/her truck for thirty (30) minutes to eat a meal, he/she was still under the control of the Defendant and therefore, not off-duty.

44. Based upon the investigation of Plaintiffs' Counsel, the Defendant never scheduled off-duty meal periods, never recorded the start and stop time of meal periods, did not take action to determine whether Class Members were actually relieved all duty during a meal period each day. Plaintiffs contend that despite these failures, Defendant automatically deducted thirty (30) to sixty (60) minutes from the daily hours worked by each class member.

45. During the litigation, Defendant contended that meal periods were provided to Class Members and that Class Members took compliant meal periods. Furthermore, under the current Federal Court case law, an employer's obligation under

California Labor Code 512 is easily satisfied.

46. Furthermore, there is uncertainty surrounding California's meal period law which is presently under review by the California Supreme Court.

47. If the Parties had not reached a Stipulation for Settlement of Class Action, the Plaintiffs would have faced the uncertainty and expense of bring a class certification motion and subsequently risk the expense of trial and subsequent appeals.

48. The Plaintiffs Counsel consulted with expert economist, Michael Nakada, to assist with the potential damage calculations. Plaintiffs took into account the damages calculations of Mr. Nakada when agreeing to a $5,250,000.00 settlement.

49. Mr. Nakada estimated the class wide damages to be $14,537,111.00 (See para 4.F. of the Declaration of Angela Jae filed in support of Motion for Preliminary Approval [Introductory CSR $179,361; CSR $4,786,072; Meal Period $4,785,839; and Rest Period $4,785,839.].) The Common Fund created by the settlement equals approximately 36% of the potential damages estimated by Mr. Nakada.

50. Furthermore, during the litigation, it appears that Defendant has brought its methods of compensating the Class Members into compliance with California Labor Code 510. Thus, the total value of the settlement is greater than it's face value of $5,250,000.00 because California CSRs employed by Defendant now receive accurate overtime wages for the overtime hours worked.

51. Accordingly, it is the opinion of Plaintiffs' Counsel that the Stipulation for Settlement constitutes a fair, adequate and reasonable compromise of the claims asserted in the litigation.

**VII. THE REACTION OF THE CLASS MEMBERS TO THE TERMS OF THE SETTLEMENT AFTER NOTICE.**

52. The terms of the settlement have received overwhelming support by the class. Of the 325 Class Members receiving notice, no Class Member has filed an objection and no Class Member has opted out of participating in the settlement.

53. A small percentage of the Class Members filed disputes with Rosenthal & Company regarding the number of work weeks allocated to them under the terms of the Settlement. Generally, the Class members requested additional work weeks based upon their dates of hire and/or termination.

54. The majority of the disputes were rejected by the Defendant on the basis that the Class Member disputing the number of work weeks was employed in either a Relief CSR or Wholesale CSR position. The disputed work weeks are described in greater detail in the Declaration of Jeanniene Andreis filed herewith.

55. The total number of work weeks that are allocated to the Class Members and not in dispute are 42,924.52. The total number of work weeks in dispute are approximately 1,041.56.

56. The Class, as defined, includes all CSRs. The release requires Class Members to waive their wage claims. It seems inappropriate to require Class Members to release claims for work weeks for which no compensation is given. I suggest the

Court allow the payment for the 1,041.56 work weeks.

**VIII. REQUEST FOR ATTORNEYS' FEES.**

57. Plaintiffs Counsel request payment of attorney fees in the amount of 25% of the Common Fund ($1,312,500) plus actual costs and expenses already incurred and expected to be incurred prior to entry of the Final Approval Order.

58. The results achieved by Plaintiffs Counsel in this case were favorable. The Settlement represents approximately 36% of the total estimated damages should this case be successfully litigated through trial and subsequent appeals.

59. Additionally, the risks of pursuing this litigation through trial were substantial. Defendant asserted several defenses including California Labor Code 514 which makes California Labor Code 510 inapplicable to employees covered by valid and enforceable collective bargaining agreements, the Motor Carrier Act exception, and the Outside Sales Person Exception.

60. Plaintiffs' Counsel took a tremendous risk in taking this case. The Plaintiffs were represented on a contingency fee basis and Plaintiffs' Counsel has paid costs of litigation out-of-pocket and up front without any guarantee of re-imbursement.

61. The Law Offices of Wagner & Jones, LLP has devoted significant time and resources to litigating this case for the last three plus years. Plaintiffs' Counsel have prepared and filed initial pleadings, conducted significant research into the propriety of removal to Federal Court and consolidation in the Southern District of California, prepared and reviewed initial Rule 26 disclosures, participated in hearings before the Court,

conducted significant formal written discovery, depositions, and investigation with Class Members, prepared for and attended mediation, and negotiated the terms of the Stipulation for Settlement of Class Action.

62. The significant devotion of time and resources to this case meant that other cases we would have accepted or devoted our resources were not pursued.

63. Attorney Fees awarded by the Court are to be split equally between Plaintiffs' Counsel, 50% to Wagner & Jones, LLP and 50% to Tosdal, Smith, Steiner & Wax. (See Stipulation for Settlement section 9.)

64. To date, the Law Offices of Wagner & Jones has incurred approximately $16,891.77 in litigation expenses, including filing fees, travel expenses, mediation, transcripts, research, service of process, copies, and postage.

65. Additional expenses may be incurred in obtaining final approval of the Stipulation for Settlement.

66. I believe the service enhancement of $18,500.00 to Named Plaintiffs is justified, extremely fair and warranted. Defendants do not oppose this amount and no Class Member objected to its payment. Plaintiffs invested considerable effort and time in this action by locating witnesses, analyzing documents, assisting Counsel, attending depositions, responding to discovery, attending mediation, and participating in settlement negotiations. Plaintiffs have placed the interests of the Class Members ahead of their own in pursuit of a Class wide recovery. Plaintiffs have accepted the risk of protracted class action litigation and have entered general releases of all

claims.

67. For the foregoing reasons, it is respectfully requested that the Court certify this case pursuant to Rule 23(a) and (b)(3), grant final approval of the settlement as being fair, reasonable, and in the best interest of the class, and finally approve the requested attorneys fees, costs, and service enhancement, allow payment of the work weeks disputed on the basis that the Class Member worked as a Relief CSR or a Wholesale CSR claims administration costs, require Defendant to fund the Common Fund in accordance with Section 6 of the Stipulation for Settlement of Class Action.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 11th day of April, 2011.

Daniel Kopfman

# PROOF OF SERVICE

I am employed in the County of Fresno; I am over the age of 18 years and not a party to the within above-entitled cause; my business address is 1111 E. Herndon, Suite 317, Fresno, California.

I served the within document described as DECLARATION OF DANIEL KOPFMAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF STIPULATION FOR SETTLEMENT OF CLASS ACTION; APPROVAL OF ATTORNEYS' FEES; AND APPROVAL OF CLASS REPRESENTATIVE ENHANCEMENTS on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Julie A. Vogelzang<br>DUANE MORRIS<br>101 West Broadway, Suite 900<br>San Diego, CA 92101-3372<br><br>*Via Facsimile:* 619/923-2487<br>jVogelzang@duanemorris.com | Jon Vanderpool<br>TOSDAL, SMITH, STEINER & WAX<br>401 W. A Street, Suite 320<br>San Diego, CA 92101<br><br>jvanderpool@tosdalsmith.com |

[ ] **(BY MAIL)** placing the envelopes for collection and mailing on the date and at my address shown above following our ordinary business practices. I am completely familiar with Wagner & Jones' practice of collection and processing correspondence for mailing pursuant to which the envelopes would be deposited with the United States Postal Service the same day in the ordinary course of business.

[X] **(BY OVERNIGHT MAIL SERVICE)** by placing the envelope for collection following our ordinary business practices for collection and processing correspondence for mailing by express or overnight mail.

[ ] **(BY FACSIMILE)** In addition to service by mail as set forth above, the person(s) by whose name an asterisk is affixed, was also forwarded a copy of said documents by facsimile.

[ ] **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

[ ] **(BY ELECTRONIC MAIL)** I caused such document to be attached to an email and sent to counsel above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 11, 2011, at Fresno, California.

[signature]