SCANNED

LAW OFFICES OF
WAGNER & JONES LLP
Nicholas J.P. Wagner, SBN 109455
Andrew B. Jones, SBN 076915
Daniel M. Kopfman, SBN 192191
Laurence M. Artenian, SBN 103367
1111 E. Herndon, Ste. 317
Fresno, CA 93720
559/449-1800
559/449-0749 Fax

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD MARTIN, et al., individually and on behalf of others similarly situated,<br><br>and,<br><br>GRADY O'BRYANT, et al., individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>AMERIPRIDE SERVICES, INC., DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 08-CV-0440 MMA (JMA)<br>CLASS ACTION<br><br>[California Superior Court Case No.s<br><br>37-2008-00075847-CU-OE-CTL Filed 01/15/08 San Diego<br><br>34-3008-00007019-CU-EOI-GDS Filed 03/27/08, Sacramento]<br><br>**DECLARATION OF GRADY O'BRYANT IN SUPPORT OF MOTION FOR FINAL APPROVAL** |

I, GRADY O'BRYANT, declare:

1. That I have personal knowledge of the facts alleged herein and if called upon as a witness can competently testify thereto.

2. That I am over 18 years of age.

3. I am currently, and have been during all times set forth in this declaration, a resident of California.

4. This declaration is offered in support of the parties'



p.1
916-473-5789
Grady O'Bryant
Apr 06 11 03:18p

Motion for Final Approval.

5. As discussed herein, I believe that the class settlement is reasonable, adequate and fair to each member of the putative class, and was reached through arms-length negotiations.

6. I began working for Defendant Ameripride Services, Inc., (hereinafter "Ameripride") in approximately April 2003 as a Customer Service Representative (hereinafter "CSR") until sometime in 2006, when I left for four to six weeks. I was rehired in May 2006 and continued in their employment until approximately January 2008.

7. My routes were assigned by Defendant's management. Management did not guarantee my route, and could reduce my number of customers, and therefore my income, at any time. I believed that unpaid overtime and meal and rest period violations were unlawful, but I was afraid that if I complained about Ameripride's wage and hour practices my route would be cut or I would be terminated.

8. While employed by Ameripride I knew that other CSRs were paid in a manner similar to the way I was paid. I believed that all CSRs were entitled to legal relief from these policies and practices, but I feared retaliation by Ameripride if I pursued any legal action against my employer.

9. In approximately January 2008 I succeeded in finding substitute employment and resigned my position at Ameripride. My new employment was at a substantially lower rate, and I had to begin again with a new company accruing seniority and seniority related benefits.



Apr 06 11 03:19p Grady O'Bryant 916-473-5789 p.2

10. While employed by Ameripride I knew that other CSRs were paid in a manner similar to the way I was paid. I believed that all CSRs were entitled to legal relief from these policies and practices, but I feared retaliation by Ameripride if I pursued any legal action against my employer.

11. After I had assured myself an alternative income source, I sought out the Law Firm of Wagner & Jones LLP, based on their reputation for achieving a fair settlement for the employees of Prudential Overall Supply in a similar wage and hour action.

12. I have devoted significant personal time and resources to pre-litigation, litigation, and settlement related activities.

13. I assisted gathering evidence for and drafting the original complaint in this matter filed in California Superior Court on my behalf on March 27, 2008.

12. I have devoted significant personal time and resources to pre-litigation, litigation, and settlement related activities.

14. During the course of this litigation I have had extensive discussions with the Law Offices of Wagner & Jones LLP. For more than two and a half years I have remained in continuous contact with Wagner & Jones regarding the status of the proceedings. I have held frequent telephone conversations and extensive email correspondence with Wagner & Jones.

15. I have responded to written discovery requests including requests for admissions, requests for production of documents, and interrogatories, in addition to assisting in the preparation of the initial disclosures required by FRCP Rule 26.

16. On June 17, 2009 I flew to San Diego at my own expense

and attended a full day of deposition by Ameripride.

17. On November 6, 2009 I flew again to San Diego at my own expense and attended a full-day mediation with Mr. Michael J. Loeb, Esq.

18. I believe that because I opted not just to pursue an individual claim, hundreds of current and former employees will benefit from the proposed class action settlement. I also believe that current Ameripride employees have already seen benefits from my prosecution of the class claims, as Ameripride has made substantial revisions to their wage and hour policies.

19. I took great risk, both financially and professionally, in pursuing the Class claims. In spite of the fact that I had believed Defendant's wage and hour policies to be unlawful, I felt compelled to refrain from filing legal action against them on behalf of the Class until I had obtained substitute employment. I was concerned Ameripride would retaliate against me and that prospective employers might learn of the lawsuit and decide not to hire me on that basis.

20. In order to facilitate the settlement of this case, I have agreed to a comprehensive release of claims against Ameripride.

///

///

///

///

///

20. I believe that the $18,500.00 enhancement award I have requested is fair and reasonable in light of the risks I took in

initiating the class claims, the amount of work I did on behalf of the class, and the benefits I have been able to achieve for the class members.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this Six day of April, 2011 in Sacramento, California.

Grady O'Bryant



Apr 06 11 03:20p Grady O'Bryant 916-473-5789 p.5

PROOF OF SERVICE

I am employed in the County of Fresno; I am over the age of 18 years and not a party to the within above-entitled cause; my business address is 1111 E. Herndon, Suite 317, Fresno, California.

I served the within document described as DECLARATION OF GRADY O'BRYANT IN SUPPORT OF MOTION FOR FINAL APPROVAL on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Julie A. Vogelzang<br>DUANE MORRIS<br>101 West Broadway, Suite 900<br>San Diego, CA 92101-3372<br><br>*Via Facsimile:*619/923-2487<br>jVogelzang@duanemorris.com | Jon Vanderpool<br>TOSDAL, SMITH, STEINER & WAX<br>401 W. A Street, Suite 320<br>San Diego, CA 92101<br><br>jvanderpool@tosdalsmith.com |

[ ] **(BY MAIL)** placing the envelopes for collection and mailing on the date and at my address shown above following our ordinary business practices. I am completely familiar with Wagner & Jones' practice of collection and processing correspondence for mailing pursuant to which the envelopes would be deposited with the United States Postal Service the same day in the ordinary course of business.

[X] **(BY OVERNIGHT MAIL SERVICE)** by placing the envelope for collection following our ordinary business practices for collection and processing correspondence for mailing by express or overnight mail.

[ ] **(BY FACSIMILE)** In addition to service by mail as set forth above, the person(s) by whose name an asterisk is affixed, was also forwarded a copy of said documents by facsimile.

[ ] **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

[ ] **(BY ELECTRONIC MAIL)** I caused such document to be attached to an email and sent to counsel above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 11, 2011, at Fresno, California.

[signature]