LAW OFFICES OF
WAGNER & JONES LLP
Nicholas J.P. Wagner, SBN 109455
Andrew B. Jones, SBN 076915
Daniel M. Kopfman, SBN 192191
Laurence M. Artenian, SBN 103367
1111 E. Herndon, Ste. 317
Fresno, CA 93720
559/449-1800
559/449-0749 Fax

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD MARTIN, et al., individually and on behalf of others similarly situated,<br><br>and,<br><br>GRADY O'BRYANT, et al., individually and on behalf of others similarly situated<br><br>Plaintiffs,<br>vs.<br><br>AMERIPRIDE SERVICES, INC., DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 08-CV-0440 MMA (JMA)<br>CLASS ACTION<br><br>[California Superior Court Case No.s<br><br>37-2008-00075847-CU-OE-CTL Filed 01/15/08 San Diego<br><br>34-3008-00007019-CU-EOI-GDS Filed 03/27/08, Sacramento]<br><br>**DECLARATION OF RIGO MARTINEZ IN SUPPORT OF MOTION FOR FINAL APPROVAL** |

I, RIGO MARTINEZ declare:

1. That I have personal knowledge of the facts alleged herein and if called upon as a witness can competently testify thereto.

2. That I am over 18 years of age.

3. I am currently, and have been during all times set forth in this declaration, a resident of California.

4. This declaration is offered in support of the parties'

Motion for Final Approval.

5. As discussed herein, I believe that the class settlement is reasonable, adequate and fair to each member of the putative class, and was reached through arms-length negotiations.

6. I began working Defendant Ameripride Services, Inc., (hereinafter "Ameripride") as a Customer Service Representative (hereinafter "CSR") in February 2003, and continue to be employed in this position. For approximately 150 weeks during the class period I drove relief routes as a Customer Service Representative and was paid an hourly rate, but I believe I was not properly paid for all the hours I worked. During the period that I was assigned to my own route, I was paid a commission on the volume of the route.

7. While employed by Ameripride I believed that the wage and hour policies practiced by Ameripride were not lawful. I knew that other CSRs were paid in a manner similar to the way I was paid. I believed that all CSRs were entitled to legal relief from these policies and practices, but I feared retaliation by Ameripride if I pursued any legal action against my employer.

8. I have devoted significant personal time and resources to litigation and settlement related activities.

9. During the course of this litigation I have had extensive discussions with the Law Offices of Wagner & Jones LLP. For more than two and a half years I have remained in continuous contact with Wagner & Jones regarding the status of the proceedings. I have held frequent telephone conversations

and extensive email correspondence with Wagner & Jones.

10. I have responded to written discovery requests including requests for admissions, requests for production of documents, and interrogatories, in addition to assisting in the preparation of the initial disclosures required by FRCP Rule 26.

11. On June 24, 2009 I travelled to San Diego at my own expense and for deposition by Ameripride.

12. On November 6, 2009 I flew again to San Diego at my own expense and attended a full-day mediation with Mr. Michael J. Loeb, Esq.

13. I believe that because I opted to pursue a Class wide claim, hundreds of current and former employees will benefit from the proposed class action settlement. I also believe that current Ameripride employees have already seen benefits from my prosecution of the class claims, as it is my opinion that Ameripride has made substantial revisions to their wage and hour policies.

14. I took great risk, both financially and professionally, in pursuing the Class Claims. I had a reasonable fear of retaliation by my employer, and I am concerned that prospective employers might learn of the lawsuit and decide not to hire me on that basis in the future.

15. During the notice period I submitted a dispute regarding the number of workweeks allocated to me. I believed I was entitled to an additi9onal 150 workweeks. I was advised by the Claims Administrator that Defendant denied my dispute on the basis that I occupied a Relief CSR position. Accordingly I ask the Court to order payment for the weeks I worked as a Relief

Customer Service Representative.

16. In order to facilitate obtaining this settlement agreement for the Class, I have agreed to a complete release of claims against Ameripride.

17. I believe that the $18,500.00 enhancement award I have requested is fair and reasonable in light of the risks I took in pursuing the class claims, the amount of work I did on behalf of the class, the complete release I have entered, and the benefits I have been able to achieve for the Class Members.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 11 day of April, 2011, in Sacramento, California.

Rigo Martinez

PROOF OF SERVICE

I am employed in the County of Fresno; I am over the age of 18 years and not a party to the within above-entitled cause; my business address is 1111 E. Herndon, Suite 317, Fresno, California.

I served the within document described as DECLARATION OF RIGO MARTINEZ IN SUPPORT OF MOTION FOR FINAL APPROVAL on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Julie A. Vogelzang<br>DUANE MORRIS<br>101 West Broadway, Suite 900<br>San Diego, CA 92101-3372<br><br>*Via Facsimile:*619/923-2487<br>jVogelzang@duanemorris.com | Jon Vanderpool<br>TOSDAL, SMITH, STEINER & WAX<br>401 W. A Street, Suite 320<br>San Diego, CA 92101<br><br>jvanderpool@tosdalsmith.com |

[ ] **(BY MAIL)** placing the envelopes for collection and mailing on the date and at my address shown above following our ordinary business practices. I am completely familiar with Wagner & Jones' practice of collection and processing correspondence for mailing pursuant to which the envelopes would be deposited with the United States Postal Service the same day in the ordinary course of business.

[X] **(BY OVERNIGHT MAIL SERVICE)** by placing the envelope for collection following our ordinary business practices for collection and processing correspondence for mailing by express or overnight mail.

[ ] **(BY FACSIMILE)** In addition to service by mail as set forth above, the person(s) by whose name an asterisk is affixed, was also forwarded a copy of said documents by facsimile.

[ ] **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

[ ] **(BY ELECTRONIC MAIL)** I caused such document to be attached to an email and sent to counsel above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 11, 2011, at Fresno, California.

[signature]