THOMAS TOSDAL, ESQ., STATE BAR NO. 067834
JON Y. VANDERPOOL, ESQ. STATE BAR NO. 161611
FERN M. STEINER, ESQ. STATE BAR NO. 118588
TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Fax: (619) 239-6048
Attorneys for Plaintiffs LLOYD MARTIN, et al.

NICHOLAS WAGNER, ESQ., STATE BAR NO. 109455
DANIEL KOPFMAN, ESQ., STATE BAR NO. 192191
WAGNER & JONES
1111 E. Herndon, Suite 317
Fresno, CA 93720
Telephone: (559) 449-1800
Fax: (559) 449-0749
Attorneys for Plaintiffs GRADY O'BRYANT, et al.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD MARTIN, et al., individually and on behalf of others similarly situated,<br><br>and,<br><br>GRADY O'BRYANT, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIPRIDE SERVICES, INC., DOES 1-50, inclusive<br><br>Defendants. | CASE NO. 08-CV-0440MMA(RBB)<br>CLASS ACTION [L.R.23.1(a)]<br><br>Judge Michael M. Anello<br>Courtroom: 5<br><br>[California Superior Court Case Nos.<br><br>37-2008-00075847-CU-OE-CTL<br>Filed 01/15/08, San Diego<br><br>34-2008-00007019-CU-OIE-GDS<br>Filed 03/27/08,<br>Sacramento]<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF APPLICATION FOR FINAL APPROVAL**<br><br>Date: April 25, 2011<br>Time: 2:30 pm |

I, Angela Jae, declare as follows:

1. I am an associate at the law firm of Tosdal, Smith, Steiner & Wax, counsel of record for plaintiffs Lloyd Martin, Kirk Sword and Dan Gore, former employees of Ameripride Services, Inc., San Diego depot ("San Diego plaintiffs"). As such I have personal knowledge of the facts referenced below and if called as a witness to testify could and would

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

competently testify to each of them.

2. On January 15, 2008, San Diego plaintiffs filed their wage and hour class action in San Diego Superior Court against AmeriPride Services, Inc. ("Ameripride) for failing to pay overtime and failing to provide meal and rest breaks according to California law. AmeriPride Answered on February 27, 2008, and removed the case to the Southern Division of the United States District Court under the Class Action Fairness Action. Defendant then filed a Notice of Related Case with factual allegations, parties and questions of law similar and/or identical to those presented by the case filed by the San Diego plaintiffs, identifying the Grady O'Bryant v. AmeriPride Services, Inc. case ("Sacramento plaintiffs"). The USDC subsequently consolidated the cases. Plaintiffs filed a joint consolidated complaint in December 2008. A First Amended Consolidated Complaint was filed in July 2009.

3. On November 6, 2009, the parties attended mediation with mediator Michael Loeb of JAMS, San Francisco, California. After a full day of mediation, the parties were unable to settle this action. Plaintiffs valued the total class damages for unpaid overtime and missed meal and rest periods to be approximately $14.5 million. Shortly after the mediation, both parties accepted the mediator's proposal of $5.25 million.

**PLAINTIFFS' DAMAGES CALCULATIONS**

4. San Diego plaintiffs ("SDP") consulted with expert economist Michael Nakada to analyze the class members' damages claims. The following explains in detail plaintiffs' damages calculations:

**Step 1 - Claims period**: The putative class claims period dates back to January 15, 2004, four years prior to the filing of the complaint and runs to December 31, 2009, the maximum statutory period allowed by law. (Cal. Bus. and Prof. Code §17200.)

**Step 2 - Data Sources**: The data used in calculating damages was derived from sources exchanged during discovery. Data from the named SDPs was culled from AmeriPride's: (A) Kronos time records, (B) Route Settlement Reports, (C) Plaintiffs' deposition transcripts. AmeriPride also produced a class list, including time periods in the class.

(A) Kronos Time Records (KRONOS): KRONOS are multiple page reports of CSRs'

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

clock in and out times each work day. The parties dispute the reason for "Blackouts" among the KRONOS reports; AmeriPride alleges CSRs forgot to clock in or out; Plaintiffs' assert the devices malfunctioned frequently. Regardless, to fairly account for blackouts, Plaintiffs used average time clocked in or out on that day of the week for the surrounding months. Some KRONOS reports evidence total overtime hours worked during each pay period, others do not. AmeriPride produced eight other putative class members' KRONOS reports from years during the class period, however the data produced is incomplete. Plaintiffs used data available in those records to corroborate damage calculation components.

(B) Route Settlement Reports (RSRs): RSRs are one-page documents totaling CSRs' weekly gross sales upon which they earned commission. Plaintiffs utilized SDPs' RSRs for their time worked during the claims period. AmeriPride declined to provide RSRs for other CSRs in the class. AmeriPride instead produced Earnings Statements for other putative class members. For SDPs, data from Earnings Statements differ from RSRs. But Earnings Statements for named plaintiffs contain multiple errors yielding unreliable data.

(C) Deposition Transcripts:AmeriPride deposing all the named plaintiffs confirms that all meal periods and all rest periods during the claims period were missed.

(D) Class List: The class list contains the name of everyone employed as a CSR during the claims period. The class list specifies the period that each putative class member was employed as a CSR. The class list corroborates the average weeks employed per year per putative class member. The class list does not detail when each CSRs' introductory period ended, so Plaintiffs used 12 weeks, or 3 months as an "introductory period" for each CSR because AmeriPride's employee handbook confirms the introductory period lasts up to 90 days. See Attachment 1, Bakersfield Claimants Actual Time Employed for an example. Attachment 1 visually demonstrates each Bakersfield putative class members' dates employed during the claims period. Because not every employee in a given year was employed the entire year, the average weeks employed vary from year to year.

**Step 3 - Damage Calculations Components**: The above data sources were used to derive verified averages for: (A) regular hourly pay rates, (B) overtime hours worked per pay period, (C)

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

unpaid overtime hours per pay period, (D) average pay periods per year (excluding holidays/vacation/personal and sick time), (E) number of meal periods missed, and (F) number of rest periods missed. Plaintiffs engaged an expert economist consultant experienced in wage class action damage assessments to formulate the following.

(A) Introductory and Regular Average Hourly Rate (Intro Avg HR, Reg Avg HR)

Because Regular CSRs were paid on a commission basis, the "Reg Avg HR" was calculated per the DLSE, by dividing the total commission paid per week by the total amount of hours worked per week, including overtime. Plaintiffs used SDPs' KRONOS and RSRs to calculate a "Reg Avg HR" for CSRs. The Reg Avg HR ranges between $19 to $21/hour, or $19.92. If calculated according to DLSE, "Intro Avg HR" ranges between $13 to $15/hour, or $14.21. However, Introductory CSRs did not receive commission, but a flat-rate of $700/week.

(B) Average Overtime Hours Worked Per Pay Period (Avg OT Worked/PP)

Avg OT Worked/PP was calculated by averaging CSRs' Total OT Worked/PP for each year in the claims period. Data was not available for 2004 and 2009, so the Avg OT Worked/PP for those years is an average of SDPs' OT worked during the entire claims period: 5.46 hours. 2005 Avg OT Worked/PP is 12.2, calculated from SDP Sword's estimated time worked and six putative class members' KRONOS. 2006 Avg OT Worked/PP is 11.5, calculated from SDP Sword's estimated time worked and six putative class members' KRONOS. 2007 Avg OT Worked/PP is 13.2, calculated from SDPs Gore's and Martin's KRONOS and two putative class members' KRONOS. 2008 Avg OT Worked/PP is 12.46, calculated from SDPs Martin's and Sword's KRONOS and five putative class members' KRONOS.

(C) Average Unpaid Overtime Hours Per Pay Period (Avg Unpaid OT/PP)

When calculating Avg HR per DLSE "Avg Unpaid OT/PP" consistently yielded 1/3 of the OT Worked/PP under the DLSE formula. For example, see Exhibit 1 to this declaration, AmeriPride Raw Data for Overtime Claims and key. Attachment 1 is a compilation of KRONOS and RSRs for SDP Martin's weeks employed during the claims period into one spreadsheet. The key explains the calculations in the spreadsheet. Avg Unpaid OT/PP was calculated by multiplying Avg OT Worked/PP by .33 or 1/3. Avg Unpaid OT/PP per year is as follows: 2004 = 1.82; 2005 = 4.03;

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

2006 = 3.8; 2007 = 4.36; 2008 = 4.11; 2009 = 1.82.

(D) Average Pay Periods Per Year (Avg PP)

AmeriPride pays CSRs weekly. Avg PP accounts for time off for holidays, vacations, personal and sick time. According to SDPs' KRONOS, CSRs averaged 20 days off per year, or 4 weeks per year (based on a 5-day work week). Thus, average time worked per year was 48 weeks. This average was confirmed by other putative class members' KRONOS produced by AmeriPride. Avg PP was calculated by multiplying the SDPs and putative class members' average weeks employed per year by 48÷52.

(E) Meal Periods Missed Per Pay Period (MPs Missed/PP)

SDPs' deposition testimony confirms that all meal periods were missed. The law provides for one 30-minute unpaid meal period within the first five hours worked. MPs Missed/PP is 5. Employers must pay employees their one hour regular per missed meal period.

(F) Rest Periods Missed Per Pay Period (RPs Missed/PP)

SDPs' deposition testimony confirms that all rest periods were missed. The law provides for one 10-minute paid rest period per every four hours worked per day. RPs Missed/PP is 5. Employers must pay employees their one hour regular rate per day of missed rest period.

**Step 4 - Equations**:

Plaintiffs used one equation per claim to calculate class members' damages as follows:

- Introductory Employee Overtime = Intro Avg HR * Avg Unpaid OT/PP * Avg PP = $179,361;
- Regular Employee Overtime = Reg Avg HR * Avg Unpaid OT/PP * Avg PP = $4,786,072;
- Meal Period = Reg Avg HR * MPs Missed/PP * Avg PP = $4,785,839; and
- Rest Period = Reg Avg HR * Rps Missed/PP * Avg PP = $4,785,839.

**TSSW'S EFFORTS RE LITIGATION OF THIS CASE**

5. Counsel for plaintiffs have diligently and assiduously represented plaintiffs as to their individual claims and in support of the class claims. In support of the class claims, counsel for plaintiffs have taken the depositions of AmeriPride's agents regarding payroll, timekeeping and its internal communications system, represented the San Diego plaintiffs

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

in depositions taken by AmeriPride's counsel, propounded written discovery to AmeriPride in the form of requests for admissions, requests for production of documents and special interrogatories and responded to number of discovery requests on behalf of San Diego plaintiffs. Counsel for San Diego plaintiffs have spent substantial hours investigating the class claims by analyzing AmeriPride's policies and procedures, the collective bargaining agreements, pay stubs and time records produced by AmeriPride and determining a proper damages methodology.

6. In fact, San Diego plaintiffs' counsel retained an expert economist to assist in damages calculations and methodology so that the parties could engage in a meaningful mediation with mediator Michael Loeb. Counsel for San Diego plaintiffs, along with their expert economist, created spreadsheets per AmeriPride depot per year identifying the damages for each class member based on a "sampling" of data provided by AmeriPride. The above methodology is detailed above in paragraph 4.

7. Additionally, our office spent significant time contacting thirteen different unions nationwide that represented AmeriPride employees to discuss the wage and hour practices of those AmeriPride locations. This investigation was conducted to determine the viability of defining a nationwide class as opposed to a California only class.

8. Our office has incurred approximately $14,720.42 in litigation costs to date which includes but is not limited to costs incurred for payments to experts, investigators and record copying.

9. San Diego named plaintiffs spent considerable time representing the interests of the class by: (1) meeting with counsel regarding the issues related to this action; (2) responding to two sets of discovery requests; (3) submitting to deposition; and (4) attending mediation.

**<u>TSSW'S EXPERIENCE RE EMPLOYMENT LAW/WAGE & HOUR CASES</u>**

10. Counsel for plaintiffs are qualified, experienced and able to litigate this class action. Tosdal, Smith, Steiner & Wax presently consists of eight attorneys; three partners and one associate attorney were assigned to this case. The three partners assigned to this action, Mr. Tosdal, Ms. Steiner and Mr. Vanderpool, have almost 80 years of combined experience in the field of employment and labor law. Mr. Tosdal and Ms. Steiner are listed in *Best Lawyers of*

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

*America* and *Superlawyers* in recognition of her accomplishments in those fields.

11. Counsel for plaintiffs have previous experience in the prosecution of class actions, representing institutional plaintiffs in class actions regarding employment practices by a county and private companies, and a class of employees with regard to wage and hour violations under federal and state law. Counsel for plaintiffs will vigorously and adequately represent the interests of the class.

12. Plaintiffs' firm and members proudly maintain top-notch reputations in the southern California legal community in all facets of employment law and employee rights representation, including listed among San Diego's Best Employment Lawyers, Super Lawyers, and countless other facts demonstrating not just the adequacy of their representation by a high level of proficiency in doing so.

13. The following representative actions have been vigorously litigated by plaintiffs' counsel:

a. Alcala, et al. v. County of Riverside, case number CV058-06166, United States District Court, Central District of California: The *Alcala* action consisted of 88 individual plaintiffs' wage and hour claims, tried to a federal court jury to a favorable phase one liability verdict. The damages phase of trial is scheduled to be tried before a federal judge in November 2009.

b. Godinez, et al v. National Shipbuilding Company, case number GIC840471, Superior Court of California, County of San Diego, Central Division: The *Godinez* action is a 6,000+ claimant class action that was settled after obtaining class certification. Plaintiffs' counsel expended nearly 1,000 hours of attorney time litigating this action.

c. Flores, et al v. Walgreen Company, case number 03CC13066, Superior Court of California, County of Orange: The *Flores* action was a 150+ claimant class entailing nearly 700 hours of attorney time before settling in advance of moving for class certification.

d. Ryan, et al. v. Neighborhood House Association, case number GIC 820784, Superior Court of California, County of San Diego: The *Ryan* action was a 2,000+ claimant

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

class. Plaintiffs' counsel expended a substantial amount of attorney time conducting discovery, moving for class certification and ultimately obtaining attorneys' fees for their vigorous representation.

14. The class settlement is fair and reasonable in light of the above and in consideration of the risks involved in proceeding to trial.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 11th day of April 2011.

s/Angela Jae
Angela Jae
Attorneys for plaintiffs
ajae@tosdalsmith.com

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048